**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Billy Ray LEE, Defendant-Appellant.**

No. 75–2252.

United States Court of Appeals, Sixth Circuit.

Argued April 6, 1976.

Decided Oct. 1, 1976.

Rehearing Denied Oct. 21, 1976.

---

John F. Dugger, Herbert Bacon, Morristown, Tenn., for defendant-appellant.

John L. Bowers, Jr., U. S. Atty., Hugh J. Moore, Jr., W. Thomas Dillard, Chattanooga, Tenn., for plaintiff-appellee.

Before PECK, McCREE, and ENGEL, Circuit Judges.

McCREE, Circuit Judge.

Billy Ray Lee appeals from his conviction for violation of 18 U.S.C. §§ 2, 1955, which forbid participation in a gambling business which involves more than five persons, which has revenues in excess of $2,000 in a single day, and which violates the laws of a state (in this case, Tennessee) in which it is conducted. The dispositive issue is whether evidence seized during a search of defendant's premises pursuant to a search warrant should have been suppressed.

The warrant was based in large part upon information obtained by an interception of defendant's telephone communications pursuant to an order of the district court for the Eastern District of Tennessee. The order authorized the interception of calls to and from three telephones used by five named principal gambling investigation suspects who are not parties to this appeal. It was issued under the authority of 18 U.S.C. § 2518, which provides, *inter alia*, that

(4) Each order authorizing or approving the interception of any wire or oral communication shall specify—

(a) The identity of the person, if known, whose communications are to be intercepted; . . . .

■ In *United States v. Donovan*, 513 F.2d 337 (6th Cir. 1975), this court, following *United States v. Kahn*, 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974), ruled that the application and order must name all persons whom the government has probable cause to believe are committing the offense for which the wiretap is sought. Since we conclude that the rationale of *Donovan* requires the suppression of this evidence, we reverse.

The district court recognized the authority of *Donovan*, which was decided three months prior to its order denying the motion to suppress, but sought to distinguish this case on its facts.

In *Donovan*, the interception had been aimed primarily at other defendants, but information gathered from it was used to convict Buzzacco. Before the application for an extension of a prior intercept order in the same investigation, 91 calls had been made in ten weeks from the prime suspects to a telephone in Youngstown listed in a name known to be used as an alias by Buzzacco. Buzzacco had a reputation as a bookmaker from previous investigations, and had moved his place of operations in 1972 to an address in Niles. However, it was not clear from the record whether the FBI's physical surveillance had placed Buzzacco at that address prior to the intercept application. Telephone calls between other suspects and a person at the Niles address' telephone, identified only as "Buzz" or "Buzzer" had been intercepted pursuant to the prior order. Finally, at the suppression hearing FBI Agent Ault, upon whose affidavits the wiretap orders had been based, testified that at the time of the application he had had "suspicions" that Buzzacco was involved. 513 F.2d at 341–42.

In this appeal, the FBI had received from a reliable confidential source information which was set forth in the affidavit supporting the application for an intercept order, that defendant Lee was a known bookmaker who operated "The Sportsman" in Morristown; that Lee operated in Knoxville a telephone, number 522–3741, for his bookmaking business; and that the informant had personally made use of this number to obtain "line" information for wagering on sporting contests. The affidavit further stated that this information had been corroborated by independent investigation by FBI agents and by contacts with other sources.

Furthermore, Lee had admitted to an FBI agent prior to the application that he was engaged in business as a bookmaker; that he owned the Sportsman; and that he used a telephone there, number 586–6881, for his bookmaking business. Inspection of telephone company records had also revealed "almost daily" calls from the telephones of the primary suspects named in the application and order to both number 522–3741 and number 586–6881.

To the extent that the facts here and in *Donovan* are different, this appeal presents a more compelling case for requiring that the "known" incidental subject of interception be named in the application and order.

■ In *Donovan*, Chief Judge Phillips, writing for the court, insisted that

[i]t is apparent that Congress intended § 2518(1) to impose "stringent conditions," thereby playing an integral role in the limitation of wiretap procedures and serving a substantial purpose in the statutory scheme to limit the indiscriminate or otherwise unauthorized use of wiretaps.

513 F.2d at 340–41. Thus any omission of information required by the statute, "whether the omission was inadvertent or purposeful, . . . cannot be excused as a 'mere technical violation.' "

■ In *Donovan* we found a violation of § 2518(1)(a) because the identity of a "known" subject of interception had been omitted from the *application* for the intercept order. Here, on the other hand, defendant was mentioned in the affidavit sub-

mitted in support of the application, but his name was omitted from the application's list of individuals whose communications were to be intercepted. Consequently, his name also was not listed in the order itself, contrary to the requirements of § 2518(4)(a). This variance is a distinction without a difference. Indeed, the government's formal admission of awareness that Lee's communications would regularly be intercepted makes this appeal a stronger case for suppressing the evidence.

■ Since the information that was obtained by the interception cannot be employed against Lee, the government concedes that the evidence seized in the search of Lee's premises must also be suppressed because the authorization for the search was based in large part on information derived from the interception. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The district court should therefore have granted Lee's motions to suppress the evidence obtained by both the interceptions and the search.

■ If the facts obtained by the unlawful interception and search are stricken from the stipulation, there is insufficient evidence to support the conviction. This is so notwithstanding the fact that the district court apparently also relied upon defendant's implicit admission of guilt in his motion to suppress as sufficient in itself to show guilt. Since a defendant must attempt to show government knowledge amounting to probable cause to believe that he is committing the offense in order to secure the benefits of the statutory protection, such allegations may not then be used against him on the issue of guilt. Else the protections of § 2518 would be hollow indeed. *Cf. Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

1. At argument, the court was informed that certiorari was granted in *Donovan* on February 23, 1976. 424 U.S. 907, 96 S.Ct. 1100, 47 L.Ed.2d 310. In the hope that a dispositive ruling might follow promptly, we delayed our decision until this time. However, it is now five months since oral argument in our court, and the Supreme Court has not yet scheduled

For the foregoing reasons, the judgment of guilty entered against appellant Lee is REVERSED.[1]

oral argument. Accordingly, it is likely that it will be several months before the Supreme Court review of *Donovan* is completed. The defendant should not be unjustifiably subjected to the restraints of bail and confinement. Therefore we now decide the appeal under the precedent of our circuit.