**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Billy Ray LEE, Defendant-Appellant.**

No. 75–2252.

United States Court of Appeals,
Sixth Circuit.

June 3, 1977.

Before PECK, McCREE * and ENGEL, Circuit Judges.

### ORDER

The earlier judgment of this court, *United States v. Lee*, 542 F.2d 353 (6th Cir. 1976), was vacated by the Supreme Court of the United States, 430 U.S. 902, 97 S.Ct. 1168, 51 L.Ed.2d 578 (1977) and remanded for further consideration in the light of *United States v. Donovan*, 429 U.S. 413, 97 S.Ct. 658, 50 L.Ed.2d 652 (1977).

 Upon reconsideration, it appears that upon the authority of *United States v. Donovan, supra*, the intercepted communications of Lee were properly admissible as evidence. Nor do we find defendant's rights under the Fourth Amendment infringed by the subsequent search of defendant's premises.

 Defendant further claims that the stipulated facts at his trial are insufficient to support his conviction for the violation of 18 U.S.C. §§ 2 and 1955. The court notes that, contrary to the circumstances in *United States v. Leon*, 534 F.2d 667 (6th Cir. 1976), the evidence of Lee's participation in the gambling business through the furnishing of "line" information necessary to its successful operation is far more extensive. Thus on November 1, 1974, it is stipulated that Lee had supplied Wells, a member of the stipulated gambling business, "line" information on 18 intercollegiate and five professional football games; on November 2, 1974, Lee again furnished Wells with information on 13 professional football games and promised further information later in the day which was supplied when he furnished Wells with "line" information on 12 professional football games; likewise, on November 11, 1974, Lee supplied Wells with "line" information on 32 intercollegiate and 9 professional football games. This extensive activity is ample evidence of Lee's "participation in the operation of a gambling business". See *United States v.*

*Leon, supra*, at 676 and cases cited therein. While, as we noted in our earlier opinion, *United States v. Lee*, supra, at 356, it was not proper for the trial court to have considered in connection with the finding of defendant's guilt any admission or arguments made for the purposes of the motion to suppress, it appears that such comments by the trial court, while supportive of its decision, did not produce it. Therefore the error was harmless and remand for reconsideration on this account is not required. Accordingly,

IT IS ORDERED that the judgment of the district court is affirmed.