256 So.2d 515 (1972)
Charles ARANT, Appellant,
v.
STATE of Florida, Appellee.
No. O-192.
District Court of Appeal of Florida, First District.
January 18, 1972.
Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
SPECTOR, Chief Judge.
Appellant seeks reversal of his conviction on charges of possessing marijuana in violation of Section 398.03, Florida Statutes, F.S.A., in a nonjury trial. The sole issue raised for our consideration is the sufficiency of the evidence to sustain the conviction.
At the time of the offense charged herein, appellant was a college student. He had a female companion, also a student, whose apartment he frequently visited  sometimes at night and sometimes for the night. Acting on a tip of an informant, the police obtained a warrant to search her apartment and its curtilage for marijuana. When the officers arrived at the scene of the crime, they found her sunbathing in the backyard. The search warrant was served, the search made, and the object thereof found. Seized were marijuana found in her bedroom, on top of the freezer in the living room, and in a plastic bottle. In the backyard the officers found young marijuana plants growing in two milk cartons and in a potato chip can. Appellant was not present when these items were found and seized, although there was evidence of his frequent visits. The witness testifying to appellant's visits also stated that often periods of up to two weeks would lapse without appellant appearing at the apartment. The appellant and the lady occupant of the apartment were both tried and convicted in the same trial, but we are now concerned only with his conviction and the evidence to support the same.
The potato chip can in which the young marijuana plants were found contained a single fingerprint of appellant on it. Under the State's theory of appellant's criminality, the single fingerprint on the potato chip can and the evidence of his frequent visitations to the lady's apartment are sufficient to show that he was in possession of marijuana in violation of Section 398.03, Florida Statutes, F.S.A. Neither the trial transcript nor the briefs and arguments of counsel make it clear whether appellant was charged with possessing the marijuana *516 growing in the potato chip can on which his fingerprint was found, the plants in the milk carton halves found next to the can, the marijuana and paraphernalia found inside the apartment  or all of it.
Certainly, there appears ample evidence in the record to sustain a finding that appellant's codefendant in whose apartment the contraband was found was in possession of it. It was her apartment; she was in control of the premises. Thus, under the widely recognized rule stated by this court in Frank v. State, 199 So.2d 117 (1967), her guilt could be inferred from the evidence adduced at the trial. In Frank we said at page 120:
"From the foregoing it appears to be established in this state that before one charged with unlawfully possessing narcotic drugs may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of the narcotic drugs on premises occupied and controlled by him, either exclusively or jointly with others. If the premises on which the drugs are found are in the exclusive possession and control of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over them may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused, the inference of knowledge is rebuttable and not conclusive... ."
Appellant's status as a mere visitor in his codefendant's apartment, however frequent such visits were, requires the application of a different rule. In Markman v. State, 210 So.2d 486 (Fla.App. 1968), the court adhered to the rule that where the premises in which the contraband is found is not in the exclusive possession of the defendant it becomes incumbent on the State to prove knowledge of the drug's presence and the ability to maintain control thereof. In the case of exclusive possession of the premises by the defendant, these elements may be inferred. But where the possession of the premises is joint, these elements must be proved by affirmative evidence. Such was our holding in Frank, supra. To like effect see Langdon v. State, 235 So.2d 321 (Fla.App. 1970), where the court held that evidence of joint possession of premises in which marijuana was found is "not only subject to the hypothesis of appellant's guilt but is also subject to the equally reasonable hypothesis of his innocence in that the marijuana was in the possession of one of the co-defendants."
The foregoing authorities make it amply clear that merely being or having been present in a place where marijuana is found is not sufficient proof that such person is in possession of the drug where he is not in exclusive possession of the place. There must be proof of knowledge of the drug's presence coupled with proof of control over such drugs. In the case at bar, appellant certainly was not in exclusive control of the premises. Indeed, it is even doubtful that the proof shows him to be in joint possession. He is but an invitee, a frequent visitor with no apparent authority to exclude drugs from the premises if his host or another brings them in and no authority to dispose of them or treat them as his own property if he finds them present when he arrives.
Appellee argues that the sole fingerprint on the potted plant is proof enough of the knowledge factor spoken of in the decisions. Even if this were so, which we do not now hold, it would only prove that he knew the drug was present in the premises  assuming, of course, that appellant knows a marijuana plant from some other species.
The fingerprint proves quite conclusively that appellant touched the can. It tells us nothing about when. It could have been before the plant was in the can or it could have been afterwards. Obviously the trier of fact thought it probable that the print was made after the plant's presence in the can was manifest. But guilt cannot rest on mere probabilities. It is no less probable that the print was made before the plant was put in the can or perhaps while it contained *517 a seed not yet visible. The State's hypothesis that the print proves possession, even if we held it consistent with guilt, is no less consistent with innocence. In Langdon v. State, supra, the court reversed the conviction of one of several persons who lived in a bus wherein a small quantity of marijuana was found. Apparently there was no evidence that any single occupant possessed the drug, so the prosecution concluded that they all did. A directed verdict of acquittal was entered as to three of five defendants, but appellant was convicted. The appellate court held there was no evidence that appellant had possession or control of the drug. At page 322, the court rejected the legality of the circumstantial evidence in that case saying:
"The evidence is not only subject to the hypothesis of appellant's guilt but is also subject to the equally reasonable hypothesis of his innocence in that the marijuana was in the possession of one of the co-defendants."
Simply put, the court in Langdon refused to rest the conviction on appellant's life-style. And we must do no less.
In the case at bar, the use of fingerprints proves only that appellant touched the can. Whether on the subject premises or elsewhere, it does not tell. It is only proof of the identity of the person who touched the can. It was in no way declaratory of his knowledge that the contents of the can were contraband and was in no way declaratory of that degree of control or dominion over the contraband which would show possession within the meaning of the statute. In order to be evidence sufficient to sustain a charge of possession under the statute, evidence of a single fingerprint on a can must be aided by other proof. See McLain v. State, 198 Miss. 831, 24 So.2d 15 (1945).
In State v. Eckroth, 238 So.2d 75, the Supreme Court had before it the question of what facts constitute possession or control of marijuana sufficient to sustain a conviction under Section 398.03, Florida Statutes, F.S.A. Reversing the Second District Court's decision holding that one who merely takes a "drag" from another's pipe filled with illegal marijuana does not possess the same within the statutory meaning because such possession evinces a mere "passing control, fleeting and shadowy in its nature", the Supreme Court held that such possession satisfied the test for possession established earlier by it in Reynolds v. State, 92 Fla. 1038, 1041, 111 So. 285, 286 (1927), when it stated:
"In offenses of this character, `possession' is usually defined as having personal charge of or exercising the right of ownership, management, or control over the liquor in question. * * * To constitute possession, there need not necessarily be an actual manucaption of the liquor, nor is it necessary that it be otherwise actually upon the person of the accused. * * * There must, however, be a conscious and substantial possession by the accused, as distinguished from a mere involuntary or superficial possession."
Applying the above test, the court held that Eckroth did possess and control the drug when he received the pipe, took a "drag" and passed it on to the next smoker.
In the case at bar, however, there is no evidence from which it can be inferred that appellant had the subject plant in his possession to the extent that he controlled it or held the same at his disposal.
We do not countenance violations of the narcotics law. Its proscription is clear; vague only to those who wish not to comprehend its meaning. We condemn only narcotics convictions unsupported by evidence meeting the time honored test  beyond and to the exclusion of every reasonable doubt.
Reversed.
WIGGINTON and RAWLS, JJ., concur.