275 So.2d 308 (1973)
D.M.M., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 72-170.
District Court of Appeal of Florida, Second District.
March 28, 1973.
Jerome Pratt, Palmetto, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
*309 LILES, Judge.
Appellant was adjudicated a delinquent by the Juvenile Judge of Manatee County. She was charged with possession of drug paraphernalia, more specifically, a water pipe commonly used for the smoking of marijuana.
The police discovered appellant in the cottage with one Jess Spaulding in the community of Parrish in Manatee County. The cottage was a one room affair, separated by a small bar. When the officers arrived on the night of the arrest, there was no light in the cottage. There was testimony that a kerosene lamp had been used previously for a short time. There was no light in the area where appellant and Spaulding were found in bed. The strongest testimony, on which the judge apparently relied, is as follows:
"Mr. Baden: Now what else did you find there.
Mr. Hoss: On the right side of the bed, the side of the bed that D---- M---- was in, and there was a stereo sitting on a small book case that extended out two or three feet. It was right up against the bed. It was sitting on one of the shelves. There was a small water pipe. It had a bowl in it, it had residue in it. And there were two or three more small cigarette butts which may or may not be marijuana.
* * *
Mr. Pratt: When you found this one did you find anything unusual about it?
Mr. Hoss: No, it didn't have residue in it.
Mr. Pratt: Was it hot?
Mr. Hoss: No.
Mr. Pratt: Was it cold?
Mr. Hoss: Normal. It wasn't exceptionally cold.
Mr. Pratt: Well, it was room temperature. It didn't appear to have been used.
Mr. Hoss: Not at that time.
* * *
Mr. Pratt: Now when you found all this stuff, you didn't really believe that any of it belonged to the defendant, D---- M----, did you.
Mr. Hoss: Belonged to her?
Mr. Pratt: Yes, did she own them?
Mr. Hoss: I didn't know who it belonged to, I thought she had been using it.
Mr. Pratt: When did you feel that she had been using it?
Mr. Hoss: When I felt the hot water pipe was hot and when I talked to her she appeared to be under the influence of something.
Mr. Pratt: Did you smell anything on her.
Mr. Hoss: I didn't get that close to her."
(It should be noted that the testimony indicates there were two water pipes, one hot and the other at room temperature.)
Although appellant was charged with possession of narcotics paraphernalia, the judge, in fact, based his judgement on appellant's use and said:
"Considering all the testimony, I feel that because the water pipes were hot indicated that it had been used previously, immediately previously, and therefore I find D---- M---- guilty."
The question then evolves  Does due process permit a juvenile judge to find a juvenile guilty of being a delinquent based on charges other than those contained in the petition? As in this case, she was charged with possession of narcotics paraphernalia. From the record the judge could have, perhaps, found her guilty *310 of the use of marijuana had she been so charged. In the case of In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), the United States Supreme Court stated that in a juvenile proceeding:
"Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must `set forth the alleged misconduct with particularity.'" 387 U.S. at 33, 87 S.Ct. at 1446.
It should be evident that if due process will not permit general or vague charges to be levelled at a juvenile, it also will not permit a juvenile to be adjudged a delinquent child on the basis of violations of law not alleged in the petition of delinquency. Such a result would not comport with either due process or with the juvenile's right to counsel since it is difficult to prepare the defense of unknown or nonspecific charges.
The state contends that it takes less proof to adjudge a minor a delinquent than to convict an adult for the same offense. This is not a correct statement of the law. The burden of proof is exactly the same in a juvenile proceeding dealing with delinquency as in an adult criminal proceeding dealing with the same offense upon which the charge of delinquency is based. See, In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368; Annot., 25 L.Ed.2d 950 (1970). See also, In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Especially is this true where the statutory definition of "delinquent child" is limited to "a child who commits a violation of law." See, F.S. § 39.01(11) (1971), F.S.A. It therefore follows that, if due process requirements and the burden of proof is the same, appellant should have been tried for the violation with which she was charged and shown to have committed that violation beyond a reasonable doubt. She was charged with possession of paraphernalia. The commission of this offense was not adequately proved.
The record reveals the fact that there were water pipes and marijuana and that the marijuana had been smoked by someone because one of the pipes was still warm and had residue of marijuana in it, but it does not support possession of that paraphernalia on the part of the appellant, neither actual nor constructive.
More is needed to show possession of narcotics paraphernalia than merely being in a room or place where the same is located. Particularly is this true when the person charged has no control over the premises. Arant v. State, 256 So.2d 515 (1st D.C.A.Fla. 1972). If this cottage had been jointly owned by the appellant and Jess Spaulding, or if they had been living as husband and wife, or, if appellant had been shown to have been aware of the fact that marijuana was in the cottage, appellant arguably would have been guilty of constructive or actual possession. The record does not support any of these facts. To the contrary, it is rebutted throughout the testimony.
The cottage was owned by Jess Spaulding and when the appellant came to the cottage with him that night, it was the first time she had ever been there. She was not charged with using marijuana. The most that can be said is that appellant may have been in constructive possession of the paraphernalia. However, in order to constitute constructive possession there must be more than mere suspicion of one having used the paraphernalia. There must, at a minimum, have been some joint control of the premises wherein the paraphernalia were found. See, Arant v. State, 256 So.2d 515 (1st D.C.A.Fla. 1972); Frank v. State, 199 So.2d 117 (1st D.C.A.Fla. 1967); Spataro v. State, 179 So.2d 873 (2d D.C.A.Fla. 1965). Alternatively, the state could have proved beyond a reasonable doubt that the appellant knew of the narcotics paraphernalia and that she had the ability to reduce the paraphernalia to her control. See, Arant, supra; In re J.D.D., Jr., 268 So.2d 457 (4th D.C.A.Fla. *311 1972); In re V.D.B., 261 So.2d 857 (1st D.C.A.Fla. 1972). Such is not the case here.
For these reasons the judgment is reversed.
MANN, C.J., concurs.
BOARDMAN, J., concurs in conclusion only.