OTT, Judge.
In this interlocutory appeal the state assails an order suppressing wiretap evidence. We reverse.
Defendant/appellee was indicted by the second statewide grand jury and charged herein with bookmaking and gambling. Evidence implicating appellee was obtained pursuant to a wiretap authorized by a circuit judge in Lee County. The application and order for such authorization named five individuals, not including appellee, one of whom was the listed owner of the telephone tapped. Appellee’s identity was ascertained through the ensuing monitoring of the tap.
The order suppressing this evidence and constituting the basis of this appeal was entered by a judge other than the authorizing judge. The order held that “the state failed to exhaust its investigative techniques, consequently the wiretap was ineffective as to persons not named in the application for wiretap.” We think this constituted error.
To begin with, the Florida wiretap law[1] specifically contemplates that the communications of unnamed individuals may be intercepted.[2] There must exist, however, probable cause to believe that someone is violating the law and he must be named if that name is known.[3]
Additionally, there must be a showing that other reasonable investigative procedures have been tried and either have failed or reasonably appear likely to fail or be too dangerous. That is to say, that wiretap appears the most reasonable investigative technique under the circumstances to secure other and conclusive evidence of criminal involvement.
Each of these requirements was met here. There is no contention otherwise except that appellee urges that the exhaustion of other investigatory techniques related solely to the known and named individuals. Such techniques, it is argued, had they been employed as to the appellee would have revealed both the existence and identity of appellee and others similarly situate without resorting to interception of their communications. Given the right to intercept the communications of an individual, whether his name be known or not, evidence discovered against previously unknown individuals, whether they can be identified or not, is properly discovered and admissible.[4] It is the burden of the un *424 named individual to show that sufficient probable cause existed of his criminal involvement as to require that he be named or identified in the application and order for wiretap.[5] No such showing was made here.
In sum, appellee complains that he was caught in a “dragnet” resulting from the wiretap. This may be so, but we see nothing in the law to prohibit it under the circumstances of this case. The application and order for the wiretap were orderly and proper. The agents of the state did nothing wrong. Appellee complains only that further employment of investigative techniques would have revealed his identity. Thus, he says, such techniques were not exhausted. It is not necessary, however, that all possible techniques, alternative to the wiretap, be exhausted.[6] Moreover, with respect to such techniques, the act requires that they be reasonably exhausted only with respect to those individuals known (though perhaps their names are not known) to be criminally involved. That was the case here.
We find no merit in the other point raised on this appeal.
In view whereof the order appealed from should be and it is hereby reversed, and the cause is remanded for further proceedings not inconsistent herewith.
BOARDMAN, C. J., and RYDER, J., concur.

. Section 934.01-10, Florida Statutes (1976).

. Section 934.09(1)(b), Florida Statutes (1976).

. Id.

. See United States v. Kahn, 415 U.S. 143, 94 S.Ct. 977, 39 L.Ed.2d 225 (1974).

. United States v. Lee, 542 F.2d 353 (6th Cir. 1976).

. See United States v. Matya, 541 F.2d 741 (8th Cir. 1976).