SHARP, Judge.
Zarro appeals his judgment and sentence after being convicted of robbery with a deadly weapon. He was sentenced to 15 years with a requirement that he serve a mandatory minimum sentence of 3 years pursuant to section 775.087, Florida Statutes (1979).[1]
We reject Zarro’s contention that the evidence at trial was insufficient to sustain his conviction. The evidence showed that Zarro and an accomplice robbed one store employee while another accomplice robbed the pharmacist. The three men joined each other in the middle of the store and ran out together. This evidence was sufficient to uphold the jury verdict and the judgment of guilty is affirmed.
However the requirement that Zarro serve a 3 year mandatory minimum sentence must be reversed. Section 775.-087, Florida Statutes (1979) requires the imposition of the mandatory minimum sentence for possession of a firearm during the commission of certain enumerated crimes including robbery. For section 775.087 to apply, the defendant must have a firearm in his actual, not vicarious possession. Earnest v. State, 351 So.2d 957 (Fla.1977); Arthur v. State, 351 So.2d 60 (Fla. 4th DCA 1977). Zarro’s accomplice was carrying a *812 firearm, but Zarro was not. Because the firearm was not in Zarro’s possession section 775.087 is not applicable. This cause is remanded to the trial court for resentencing in accordance with this opinion.
AFFIRMED in part and REVERSED in part and REMANDED.
DAUKSCH, C. J., and ORFINGER, J., concur.

. Section 775.087 states, in pertinent part:
(2) Any person who is convicted of: (a) Any ... robbery ... Who had in his possession a “firearm,” ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.