413 So.2d 1248 (1982)
Levi Anthony BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. AE-378.
District Court of Appeal of Florida, First District.
May 5, 1982.
Rehearing Denied June 2, 1982.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
This appeal is from a final judgment and sentence adjudicating appellant, Levi Anthony *1249 Bradley, guilty of the armed robbery of a Big "B" Cleaners. The final judgment was from a jury verdict finding Bradley guilty as charged. Bradley was subsequently sentenced to fifteen years in prison including the imposition of a minimum mandatory incarceration of three years based on his possession of a firearm during the commission of the crime. This Court finds no error in the proceedings below and affirms the final judgment and sentence entered by the trial court.
The final point on appeal requires this Court to clarify an aspect of Section 775.087, Florida Statutes (1981), dealing with the three year mandatory incarceration based on the possession of a firearm during the commission of certain crimes. Appellant contends that the three year mandatory minimum sentence was incorrect as there was insufficient proof that he had possession of a firearm during the commission of the crime.
Pertaining to this single point, the facts reveal that Bradley conceived and carried out this transgression solely on his own. Appellant was identified as being the robber and the jury so found. Eyewitness testimony placed Bradley at the cash drawer behind the counter in the Big "B" Cleaners. The regular employee of the cleaners was lying on the floor, and in front of the cash drawer on a high stool was a pistol. The eyewitness, an off-duty police officer who had stopped at the drive-in window of the cleaners, did not see the pistol in Bradley's hand. The employee who was on the floor did not appear at the trial because he had missed his airplane. When the policeman emerged from his car, Bradley vaulted the counter and sped from the premises carrying with him the fruits of his crime but leaving the firearm undisturbed on the stool. The firearm upon later examination yielded no identifiable fingerprints and revealed that the serial number had been filed off.
The cases relied on by appellant are of no assistance to the issue sub judice, which is whether, under these facts and circumstances, Bradley may be found guilty of having had possession of a weapon or firearm during the commission of the robbery.
In Earnest v. State, 351 So.2d 957 (Fla. 1977), the supreme court excluded from the mandatory sentence aiders and abettors to criminal activity, holding that vicarious possession was not enough and only those persons in possession of the firearm would be subjected to the increased penalty.
A survey of those cases applying the mandatory incarceration provision of Section 775.087(2) indicates the dichotomy of actual possession, wherein the mandatory incarceration was imposed, and the vicarious possession wherein the party challenging the applicability of the statute was in concert with others but whose participation did not include the possession of a weapon or firearm. See McGowan v. State, 362 So.2d 335 (Fla. 3d DCA 1978), Zarro v. State, 390 So.2d 811 (Fla. 5th DCA 1980), and Boozer v. State, 402 So.2d 585 (Fla. 5th DCA 1981).
It is clear that the tests set forth in Earnest and McGowan require actual and not vicarious possession be attained before triggering the three year mandatory incarceration required by Section 775.087(2). However, we find no preclusion of that finding being based upon circumstantial evidence. Bradley's presence in the Big "B" Cleaners in a mask and toboggan cap, his positive act of taking the money of the owner, as well as fleeing the scene upon entry of the police officer, belies any reasonable hypothesis of innocence. The pistol was located on the stool directly in front of the cash register from which Bradley was seen taking the money. It was physically available, readily accessible, within the reach of Bradley's hand, capable of being used by him immediately, and well away from the employee who was at that time lying spread eagle on the floor. This demanding circumstantial evidence compels us to the single conclusion that Bradley had possession and control of and full exercise of power over the firearm, to the exclusion of all other persons.
*1250 The final judgment and sentence of the lower court is affirmed.
JOANOS and THOMPSON, JJ., concur.