521 So.2d 210 (1988)
Miguel MENENDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. BR-378.
District Court of Appeal of Florida, First District.
February 16, 1988.
*211 Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
This is an appeal of a judgment and sentences of appellant for trafficking in cocaine while in possession of a firearm under sections 775.087(1)(a), and 893.135(1)(b), Florida Statutes (1985), and for possession of cocaine under section 893.13(1)(e), Florida Statutes (1985).[1] We affirm as to both counts and sentences.
Appellant raises two issues on appeal: 1) whether the trial court erred in denying appellant's motion for judgment of acquittal as to the charge of trafficking while in possession of a firearm; and 2) whether the trial court erred in denying appellant's motion to suppress as evidence cocaine found in a car and which served as the substance for the possession charge.
On February 27, 1986, police officers in Fort Walton Beach, acting pursuant to a search warrant, entered a motel room that had been rented the previous day. Inside were appellant, another adult male, an adult female and a child. Searching the room, police found over six hundred grams of cocaine in a locked briefcase, a set of scales, a box of plastic baggies, and over $6,000 in cash. Four police officers who were in the room testified that appellant, at the time of the search, admitted owning the cocaine. Between the box springs and mattress of one of the beds police also discovered a loaded .38 caliber handgun bearing appellant's fingerprint.
Searching the Cadillac which the four inhabitants of the room had driven from Texas the previous day, police found the trunk of the car strewn with several ounces of rice, a material commonly used as a dehumidifier to keep cocaine in powdered form. Searching the Oldsmobile which appellant had borrowed from his uncle on arriving in Fort Walton Beach and from which police had observed appellant exit *212 only minutes before, police discovered 25 grams of cocaine in a clear plastic bag in plain view on the floor. On the basis of the cocaine found in the room, appellant was charged with trafficking in cocaine. Because of the gun found in the room he was alleged to have been armed with a firearm during the commission of the crime and the classification of the trafficking offense was enhanced pursuant to section 775.087(1), Florida Statutes (1985) from a first degree to a life felony. On the second count based on the cocaine found in the Oldsmobile, appellant was also convicted of possession of cocaine and was sentenced to a concurrent five year prison term.
The first issue presents two questions: 1) What constitutes "carries" or "uses" a firearm under section 775.087(1), and 2) whether the evidence that appellant carried or used a firearm while trafficking in cocaine was such that no view that the jury could lawfully take of it favorable to the state could be sustained under the law. See Lynch v. State, 293 So.2d 44, 45 (Fla. 1974). As to the first question, section 775.087(1), at issue here, is unlike section 775.087(2).[2] Section 775.087(2) calls for the imposition of a three year mandatory minimum sentence when persons commit certain crimes while having in their "possession" a firearm. The courts have interpreted that subsection as requiring the actual physical possession of the firearm. See e.g., Earnest v. State, 351 So.2d 957 (Fla. 1977); Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987). However, under section 775.087(1), which calls for enhancement of certain felonies committed when the offender "carries" or "uses" a firearm, actual physical possession of the weapon is not required in all cases. See Smith v. State, 438 So.2d 10 (Fla. 2d DCA 1983), pet. for review denied, 447 So.2d 888 (Fla. 1984). We find that an offender does not have to have physical possession of the firearm under subsection (1); but if the firearm is readily available to him, that is sufficient.
As to the second question, appellant was arrested in the same room with a large quantity of cocaine, drug trafficking equipment, thousands of dollars in cash and a firearm on which his fingerprint was found. In such cases where circumstantial evidence alone is relied upon to convict a defendant, the question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine. Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985), rev. dismissed, 504 So.2d 762 (Fla. 1987). In the instant case competent, substantial evidence supports the trial court's finding that appellant carried or used a firearm in the course of trafficking in cocaine. See Broughton v. State, 12 FLW 2137 (Fla. 1st DCA Sept. 3, 1987); Smith, 438 So.2d at 10. Appellant's trafficking offense, as with many drug possession offenses, was essentially ongoing. Appellant was in violation of the law during the entire time he was in possession of a sufficient quantity of cocaine to constitute trafficking under section 893.135(1)(b). Section 775.087(1)(a) does not require that appellant be in actual physical possession of a firearm at a particular point during the trafficking crime.[3] Such crimes can last for months, and the purpose served by the firearm can often be adequately accomplished by merely having the firearm available in the vicinity of the drugs. We, therefore, affirm *213 the denial of appellant's motion for judgment of acquittal.
As to the second issue, appellant contends that the cocaine seized in the Oldsmobile should have been suppressed as evidence because the car, parked in the motel parking lot, was outside of the motel room's curtilage. The operative search warrant authorized the search of the motel room and "any and all person(s) and/or vehicles located on the curtilage." Under this court's ruling in Joyner v. State, 303 So.2d 60 (Fla. 1st DCA 1974), cert. discharged, 325 So.2d 404 (Fla. 1976), as applied to the facts of this case, where the appellant drove the car into the motel parking lot and was seen entering the motel from the car, we find the car parked in the motel parking lot was within the motel room's curtilage. We affirm the denial of appellants motion to suppress.
The convictions and sentences are therefore affirmed.
BARFIELD, J., concurs.
ERVIN, J., concurs and dissents with opinion.
ERVIN, Judge, concurring and dissenting.
I concur with the majority in its affirmance of appellant's conviction for the offense of possession of cocaine, but would reverse appellant's enhanced conviction for trafficking in cocaine while in possession of a firearm, on the ground that the state failed to establish by legally sufficient evidence that appellant was in actual possession of the firearm during the commission of such offense. I see no material distinction between the construction placed upon Section 775.087(2)(a), Florida Statutes (the mandatory minimum sentencing provision), and Section 775.087(1) (the subsection reclassifying certain felonies to higher degrees). I consider both require, in order for the more severe sanctions to attach, that the offender have in his actual possession a firearm during the commission of the applicable offenses.
Subsection (2) of the statute  unlike subsection (1)  provides simply that the accused have "in his possession a `firearm,'" yet the Florida Supreme Court has construed this language strictly, stating that proof of vicarious possession is not sufficient under the statute's terms for the purpose of subjecting one to mandatory minimum sentencing  only actual possession will suffice. Earnest v. State, 351 So.2d 957 (Fla. 1977). In my judgment the legislative intent that actual possession of a firearm occur in order to reclassify a crime to a greater felony is even more clearly evinced by the language employed in subsection (1), providing for reclassification of the crime if, during its commission, the offender "carries, displays, uses, threatens, or attempts to use any weapon or firearm." I am therefore of the view that both subsections require proof of actual possession for the purpose of imposing the harsher criminal sanctions therein specified.
The majority cites Smith v. State, 438 So.2d 10 (Fla. 2d DCA 1983), pet. for review denied, 447 So.2d 888 (Fla. 1984), to support its position that a lesser standard of proof of possession is required by section 775.087(1), than that provided by section 775.087(2). To the contrary, however, I consider the interpretation placed upon subsection (1) by Smith to be identical to that given subsection (2). In Smith, appellant Wagner had argued that his sentence could not be enhanced from a third degree felony to a second degree felony, pursuant to subsection (1), for the reason that the firearm he was accused of possessing during the commission of the crime was not found on his person at the time of his arrest, but was rather located in the immediate area of a van where he had been earlier seated. The Second District rejected his argument, observing that "[t]he weapon was within Wagner's immediate grasp." Id. at 14 (e.s.). Smith, in my opinion, is simply an acknowledgment of the rule that proof of actual possession of a firearm necessary to sustain a conviction for an enhanced felony may be established by circumstantial evidence.
Similarly, circumstantial evidence of actual possession of a firearm may be used *214 for the purpose of mandatory minimum sentencing. See Bradley v. State, 413 So.2d 1248 (Fla. 1st DCA 1982); Whitehead v. State, 446 So.2d 194, 196 (Fla. 4th DCA 1984). In Bradley, this court approved a three-year mandatory sentence, based upon circumstantial evidence of a defendant's possession of a firearm during the commission of a robbery, despite the absence of any direct evidence that the weapon was on his person. The firearm in question was found on a stool directly in front of the cash register where Bradley had been seen taking money. In affirming the mandatory incarcerative period, we observed that the handgun
was physically available, readily accessible, within the reach of Bradley's hand, capable of being used by him immediately, and well away from the employee who was at that time lying spread eagle on the floor. This demanding circumstantial evidence compels us to the single conclusion that Bradley had possession and control of and full exercise of power over the firearm, to the exclusion of all other persons.
413 So.2d at 1249 (e.s.).
A finding that one is in actual possession of a firearm, for either reclassification or mandatory minimum sentencing purposes, when supported by evidence disclosing that the weapon is within the immediate reach of the defendant, is a logical extension of the rule announced in Chimel v. California, 395 U.S. 752, 762-763, 89 S.Ct. 2034, 2039-2040, 23 L.Ed.2d 685 (1969), permitting an arresting officer to conduct a warrantless search "of the arrestee's person and the area `within his immediate control'" in order to deter any attempt by the arrestee to remove any weapons that he might use so as to effect his escape, as well as to prevent the concealment or destruction of evidentiary items. Thus it would appear that the holdings reached by the courts in Smith and in Bradley are identical: both recognize that proof of actual possession of a firearm can be accomplished by circumstantial evidence displaying that the firearm was in the immediate possession of a defendant during the commission of the crimes charged.
Nor do I think, as alluded to by the majority at page 212 ante, footnote 3, that a distinction in the interpretation of the two statutes is compelled by the fact that the crimes enumerated under Section 775.087(2) are "generally acts or omissions of short duration," and the predicate crime for which appellant was here convicted, trafficking in cocaine, could conceivably take place during a more protracted interval of time. Although the majority's statement may be correct, the state's evidence against the defendant for trafficking in cocaine, while in possession of a firearm, depended entirely upon evidence of fingerprint identification. When the state's proof in support of a conviction for trafficking in drugs depends entirely on fingerprint identification, the rule applicable to such evidence is the same for all offenses: Fingerprint evidence will be deemed sufficient to prove guilt if it is inconsistent with any reasonable hypothesis of innocence. State v. Perry, 297 So.2d 638, 640 (Fla. 2d DCA 1974); Rhoden v. State, 227 So.2d 349, 351 (Fla. 1st DCA 1969). In other words, if a defendant's fingerprint on a firearm is the only evidence presented by the state to prove identity, the state would then be required to prove that the defendant's fingerprint could have only been made at the time the crime was committed. Jaramillo v. State, 417 So.2d 257 (Fla. 1982); Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984); Arant v. State, 256 So.2d 515, 516 (Fla. 1st DCA 1972).
The facts in Arant v. State are strikingly similar to those in the present case. In Arant, the primary evidence offered against the defendant relating to the charged offense of possession of marijuana was that a single fingerprint of defendant was located on a potato chip can containing a marijuana plant. The state also established that the defendant frequently visited the apartment of the woman where the potato chip can was seized. In reversing defendant's conviction, the court stated:
The fingerprint proves quite conclusively that appellant touched the can. It tells us nothing about when... . Obviously the trier of fact thought it probable that *215 the print was made after the plant's presence in the can was manifest. But guilt cannot rest on mere probabilities. It is no less probable that the print was made before the plant was put in the can or perhaps while it contained a seed not yet visible. The State's hypothesis that the print proves possession, even if we held it consistent with guilt, is no less consistent with innocence... .
* * * * * *
[T]he use of fingerprints proves only that appellant touched the can. Whether on the subject premises or elsewhere, it does not tell. It is only proof of the identify of the person who touched the can. It was in no way declaratory of his knowledge that the contents of the can were contraband and was in no way declaratory of that degree of control or dominion over the contraband which would show possession within the meaning of the statute.
256 So.2d at 516-17.
The state's proof in the instant case suffers from defects similar to those present in Arant. Here we know only that a firearm found between the mattress and box springs of one of the beds in a motel room where appellant was a visitor contained appellant's fingerprint. While appellant was present in the room where the firearm was located, nothing in the record discloses that the weapon was in the immediate reach of appellant. Proof of the fingerprint's identity conclusively establishes that the appellant touched the firearm; nevertheless it tells us nothing about when the touching occurred. Whether he touched it at the premises searched, or elsewhere, we cannot surmise from the simple identification of the fingerprint. It is entirely probable, as the state argues, that the print was made at a time during the commission of the trafficking offense. It is no less probable that the print was made before the occurrence of the offense, and that one of the occupants of the room placed the firearm in the location where it was later found. Although evidence of the print is consistent with the state's hypothesis of guilt, such evidence is no less consistent with the defendant's hypothesis of innocence. I would therefore reverse appellant's enhanced conviction for possession of a firearm during the commission of trafficking in cocaine.
NOTES
[1] In pertinent part, section 893.13(1)(e), Florida Statutes, (1985) provides:

It is unlawful for any person to be in actual or constructive possession of a controlled substance. .. .
In pertinent part, section 775.087(1), Florida Statutes, (1985) provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
In pertinent part, section 893.135(1)(b), Florida Statutes, (1985) provides:
Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in § 893.03(2)(a)4 or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
... .
3. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.
[2] In pertinent part, section 775.087(2), Florida Statutes, (1985) provides:

Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes;
... .
and who had in his possession a "firearm," ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.
[3] Contrast this with the crimes enumerated under section 775.087(2), where actual physical possession of the weapon is required in all cases. See supra note 2. These crimes generally are of short duration and the purpose served by the firearm requires physical possession of the weapon. In Smith v. State, 438 So.2d 10 (Fla. 2d DCA 1983), pet. for review denied, 447 So.2d 888 (Fla. 1984), where the district court upheld enhancement in the absence of actual physical possession, the underlying offense was one of possession, which is similar to trafficking for purposes here.