DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TREMAINE DRIVER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3690

[January 15, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss and Barry Cohen, Judges; L.T. Case No. 502017CF003114AXXXMB.

Jack A. Fleischman of Fleischman & Fleischman, P.A., West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant appeals his convictions and sentences for various drug-related offenses, raising several issues. We find that appellant's convictions for trafficking in heroin and possession of heroin with intent to sell violate double jeopardy. Because separate convictions are permissible only where each offense contains an element that the other lacks, and trafficking in heroin does not contain an element that possession of heroin with intent to sell lacks, we therefore vacate the conviction and sentence for possession of heroin with intent to sell. We further find that the trial court properly denied the motion for judgment of acquittal for the firearm enhancement under section 775.087(1). This particular statute does not require actual possession, and the state proved that appellant constructively possessed the firearms that were found with the drugs in his bedroom. Therefore, we affirm this issue. We affirm the remaining issues without further comment.

Appellant argues that double jeopardy barred him from being convicted and sentenced on both trafficking in heroin and possession of heroin with

intent to sell. "Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo." *Binns v. State*, 979 So. 2d 439, 441 (Fla. 4th DCA 2008).

"The constitutional protection against double jeopardy is found in both article I, section 9, of the Florida Constitution and the Fifth Amendment to the United States Constitution, which contain double jeopardy clauses." *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009). "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature 'intended to authorize separate punishments for the two crimes.'" *Id.* at 1070 (citation omitted). If there is no clear "legislative intent to authorize separate punishments for two crimes," then a court employs the *Blockburger* test to determine whether separate offenses exist. *Id.*

Section 775.021(4), Florida Statutes, which codifies the *Blockburger* test, states:

> (4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

> (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent.

> Exceptions to this rule of construction are:

> 1. Offenses which require identical elements of proof.

> 2. Offenses which are degrees of the same offense as provided by statute.

> 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.

Thus, "[u]nder the *Blockburger* test, separate convictions for different

offenses arising from a single act are permissible where each separate offense contains an element that the other lacks." *Gresham v. State*, 725 So. 2d 419, 420 (Fla. 4th DCA 1999) (footnote omitted).

The elements of trafficking in heroin are:

> 1. Defendant knowingly possessed, sold, purchased, manufactured, delivered, or brought into Florida heroin.
>
> 2. The substance was heroin or a mixture containing heroin.
>
> 3. The heroin mixture containing heroin weighed 4 grams or more.

*See* Fla. Std. Jury Instr. (Crim.) 25.7(a); § 893.135(1)(c)(1), Fla. Stat.

The elements of possession of heroin with intent to sell are:

> 1. Defendant sold, manufactured, delivered, purchased, or possessed with intent to sell, manufacture, deliver, or purchase a certain substance.
>
> 2. The substance was heroin.
>
> 3. Defendant had knowledge of the presence of the substance.

*See* Fla. Std. Jury Instr. (Crim.) 25.2; § 893.13(1)(a), Fla. Stat.

Applying *Blockburger*, separate convictions are not permitted here because each offense does not require proof of an element that the other does not. Although possession of heroin with intent to sell contains an element that trafficking in heroin lacks, that being possession with intent to sell, the converse is not true. In other words, trafficking in heroin does not contain an element that possession of heroin lacks. Although trafficking requires proof of a certain quantity of heroin, quantity does not constitute a separate element. *Gibbs v. State*, 698 So. 2d 1206, 1209 (Fla. 1997), *receded from on other grounds by Roughton v. State*, 185 So. 3d 1207 (Fla. 2016). In *Gibbs*, the supreme court held that a person could not be convicted and punished for both trafficking in cocaine and possession of the same cocaine because the elements of both offenses are the same. *Id.* at 1208-09. The court found that the quantity requirement of trafficking was not a separate element. *Id.* at 1209. As the court explained:

> We have no basis for concluding that the legislature intended

3

that multiple charges for possession of the same quantum of cocaine be prosecuted as separate crimes. Rather, logic compels the conclusion that the legislature intended that trafficking possession, which requires the possession of more than twenty-eight grams of cocaine, be punished more harshly than simple possession, which merely requires the possession of less than twenty-eight grams of any illegal drug. The legislative intent is apparent because the trafficking statute authorizes a more severe punishment than the simple possession statute, but the gravamen of the crime underlying each statute is the possession of an illegal drug.

*Id.*

Subsequently, in *Johnson v. State*, 712 So. 2d 380 (Fla. 1998), the supreme court held that convictions for trafficking in cocaine and possession of the same cocaine with intent to sell violated double jeopardy. The court explained that "when we compare the possession component of the trafficking statute to the companion crime of possession with intent to sell, we find that while the latter offense contains a statutory element not found in the former, i.e., intent to sell, the reverse is not true." *Id.* at 381.

Thus, because appellant's convictions violate double jeopardy, we reverse and remand for the trial court to vacate the conviction and sentence for possession of heroin with intent to sell.

We next address appellant's argument that the trial court erred in denying his motion for judgment of acquittal because he did not possess a firearm during the course of the alleged criminal conduct. "The denial of a motion for judgment of acquittal is reviewed de novo. A judgment of acquittal should not be granted unless no reasonable view favorable to the state exists. An appellate court ordinarily will not reverse a conviction that is supported by competent, substantial evidence." *McCray v. State*, 256 So. 3d 878, 881 (Fla. 4th DCA 2018) (citations omitted).

Appellant's convictions for trafficking in heroin, possession of heroin with intent to sell, and possession of cocaine with intent to sell were reclassified one category higher because they were committed while appellant was in possession of a firearm. Section 775.087(1), Florida Statutes, provides:

Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the

4

commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:

(a) In the case of a felony of the first degree, to a life felony.

(b) In the case of a felony of the second degree, to a felony of the first degree.

(c) In the case of a felony of the third degree, to a felony of the second degree.

In denying the motion for judgment of acquittal, the trial court relied on *Menendez v. State,* 521 So. 2d 210 (Fla. 1st DCA 1988). In *Menendez,* the defendant was convicted of trafficking in cocaine while in possession of a firearm after the police found drugs and a firearm in his motel room. *Id.* at 211-12. The First District found that the requirements of section 775.087(1) were satisfied:

> [U]nder section 775.087(1), which calls for enhancement of certain felonies committed when the offender "carries" or "uses" a firearm, actual physical possession of the weapon is not required in all cases. We find that an offender does not have to have physical possession of the firearm under subsection (1); but if the firearm is readily available to him, that is sufficient.

*Id.* at 212 (citation omitted). In affirming the denial of the motion for judgment of acquittal, the court explained:

> Appellant's trafficking offense, as with many drug possession offenses, was essentially ongoing. Appellant was in violation of the law during the entire time he was in possession of a sufficient quantity of cocaine to constitute trafficking under section 893.135(1)(b). Section 775.087(1)(a) does not require that appellant be in actual physical possession of a firearm at a particular point during the trafficking offense in light of the nature of the trafficking crime. Such crimes can last for months, and the purpose served by the firearm can often be adequately accomplished by merely having the firearm available in the vicinity of the drugs.

*Id.* (footnote omitted).

We agree with the rationale of *Menendez*. Competent substantial evidence supports the trial court's finding that appellant carried or used a firearm in the course of trafficking in cocaine. Appellant's trafficking offenses, as well as his drug possession offenses, were essentially ongoing. The firearms were found with the drugs in appellant's bedroom and thus were in his constructive possession.

Appellant argues that section 775.087(1) requires actual possession by appellant at the time of the charged offense. However, nothing in the plain language of subsection (1) requires actual possession. In contrast, the 10-20-life statute, codified in subsection (2), requires that a defendant "actually possessed a 'firearm.'" "It is a fundamental rule of statutory construction that the entire statute under consideration must be considered in determining legislative intent." *State v. Rodriquez*, 365 So. 2d 157, 159 (Fla. 1978). Courts "are not at liberty to add to a statute words that the Legislature itself has not used in drafting that statute." *Villanueva v. State*, 200 So. 3d 47, 52 (Fla. 2016). "The legislative use of different terms in different portions of the same statute is strong evidence that different meanings were intended." *State v. Bradford*, 787 So. 2d 811, 819 (Fla. 2001) (citation omitted). Looking at the statute as a whole, the legislature did not use the term "actually possessed" in subsection (1), while it did use that term in subsection (2). Subsection (1) would be effective when the presence of the firearm was constructive rather than actual, and thus the enhancement statute for using or attempting to use a firearm during the commission of the crime would be operative.

In summary, based on double jeopardy, we vacate the conviction for possession of heroin with intent to sell, and affirm the conviction for trafficking in heroin. Further, we find that the trial court did not err in denying the motion for judgment of acquittal for the firearm enhancement under 775.087(1).

*Affirmed in part, reversed in part, and remanded.*

MAY and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

6