PER CURIAM.
Respondent was adjudicated delinquent for possession of marijuana. We affirm.
The facts reflect that a police officer encountered respondent while patrolling a high crime area at approximately 6:45 a.m. He observed from a distance respondent reach into a garbage can, retrieve a brown bag and start to inspect it. As he approached, he also saw respondent return the bag to the garbage can. Immediately thereafter, the police officer searched the garbage can to find a brown bag containing small manila envelopes labelled “Sure Shot” (a local trade name or brand name for drugs). Subsequently, he discovered that the small manila envelopes contained marijuana.
Upon a petition for delinquency and sounding, the respondent entered a plea of denial to the charge of possession of marijuana with intent to distribute. At trial, at the close of the State’s case and again at the close of all the evidence, the respondent moved for a judgment of acquittal based on the insufficiency of the evidence against him. The trial court granted the motion as to the charge of possession with intent to distribute, but found the defendant delinquent as to the lesser charge of possession of marijuana. The respondent appeals this decision..
*134 We agree with the State’s position that there was adequate circumstantial evidence to establish respondent’s knowing possession of marijuana. At present (unlike the cases cited by respondent) there is direct evidence that respondent had actual possession of the subject package, that the respondent “looked upward and saw the police car” as the police officer approached the respondent; thereafter, the respondent placed the bags of marijuana back in the garbage. This act, plus the “sure shot” marking shows, in our view, that the respondent had guilty knowledge that the bag contained contraband drugs, an essential element of the crime. Collier v. State, 509 So.2d 971 (Fla. 2d DCA 1987); Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984).
Affirmed.