PER CURIAM.
Appellant was found guilty of felony possession of marijuana and was placed on two years probation with certain county jail time and a fine. We reverse.
Appellant was the non-owner driver of a car stopped by officers as it left a construction site about 11:30 P.M. The occupants of the car were assembled by the detaining officers at the rear of the car for purposes of identification. Sergeant Oscar Perez of the Manatee County Sheriffs Department approached the car and detected the odor of marijuana in the car. He shined his flashlight in the car and saw a plastic bag of what proved to be marijuana under the dashboard on the transmission hump. There were ashes in the ashtray but these were not analyzed. There was no smoke and no “roaches” in the car. Appellant was tried jointly with the car’s owner, Blake Hunter, and a passenger, William Thiel. At the close of the state’s case, a directed verdict of acquittal was entered as to the owner, Hunter.
The state’s case against appellant was, and had to be, predicated on “constructive” possession of the marijuana found. But in order to establish this, both knowledge of the contraband and the ability to control it or reduce it to appellant’s personal dominion had to be shown. Under the factual framework of this case the mere presence of appellant in another’s car in which was found the marijuana involved herein was a circumstance insufficient of itself to sustain the conviction.[1]
Accordingly, the order appealed from should be, and it is hereby, reversed; and the cause is remanded with directions to discharge the appellant.
McNULTY, C. J., and HOBSON and BOARDMAN, JJ., concur.

. See Taylor v. State (Fla.App.2nd, 1975), 319 So.2d 114.