559 So.2d 425 (1990)
Billy McCLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3329.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
John Lipinski, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David D. McLauchlin, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Billy McClain, the defendant/appellant, appeals from a conviction for attempted trafficking in cocaine in an amount of more than 400 grams. The record reveals that Trooper Dave Binder stopped a rental car for speeding on the turnpike. After the stop he discovered that the driver of the car, Phyllis Jackson, was driving with a restricted license. The rental agreement indicated that none of the occupants of the car were authorized by the rental company to drive the car. The rental company requested the trooper to seize the car and tow it. The trooper called for backup and a narcotics dog. Subsequently the dog *426 alerted to the car's back right seat, beneath the area where the defendant/appellant, Billy McClain, was seated.[1] A second trooper lifted the seat and discovered a box. Inside the box was a white paper bag. The defendant's fingerprint was on the outside of the paper bag. Inside the bag was a package wrapped in tissue paper. The defendant's fingerprints were not on the tissue paper. Inside the tissue paper was a ziploc bag. The defendant's fingerprints were not on the ziploc bag. Inside the ziploc was the cocaine wrapped in duct tape. The defendant's fingerprints were not on the duct tape. The fingerprint of the other occupant of the back seat, King Williams, was also found on the bottom of the outside box. Additionally other unidentified fingerprits were found inside the box. McClain was charged with attempted trafficking and was convicted. We reverse.
It is clear that McClain did not have actual possession of the cocaine; thus, the state would have to show that he had constructive possession. This requires a showing that the accused had dominion and control of the contraband, knew of its presence and was aware of the illicit nature of the contraband. Brown v. State, 428 So.2d 250 (Fla. 1983); cert. denied, Brown v. Florida, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). We do not believe that the state met its burden of proof. In Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984) the First District considered a similar case. There a Federal Express employee found an open package in the drop box. Inside he found a manila envelope which contained two clear plastic bags holding a white powdery substance. The manila envelope had the defendant, Kresbach's, fingerprint on it and four other unidentified fingerprints. No prints were available on the Federal Express envelope. Kresbach argued that the evidence failed to exclude a reasonable hypothesis of innocence, that is, that he touched the manila envelope at a business, friends' house or in a pile of mail, before it contained cocaine. The First District ruled that the evidence was insufficient to sustain the conviction. Applying Kresbach to the instant case, McClain's conviction cannot stand because there was evidence that there were other prints on the box (King William's were on the bottom of the box) and there were other prints on the inner wrappings which could not be identified. McClain could have touched the white bag prior to the time that cocaine was placed in the bag. See also, Tanksley v. State, 332 So.2d 76 (Fla. 2d DCA 1976) (where the Second District ruled that evidence that a defendant was in a parking lot about 15 feet from where officers found heroin under a concrete block and that defendant's fingerprint was found inside the envelope which contained packets of heroin was insufficient to sustain a conviction of possession.)
Additionally, the state argues that the evidence was sufficient to send the case to the jury to determine whether the defendant had actual knowledge of the presence of the cocaine or whether knowledge could be inferred from the circumstances. The state asserts that the fact that McClain's fingerprint was on the bag holding the cocaine (a reason we already have rejected), the fact that the rental agreement showed that the car was leased to his mother, and the fact that McClain was sitting directly over the cocaine, circumstantially showed that McClain knew that the substance was cocaine and had control over it. We disagree. Mere proximity to the contraband, without more, is legally insufficient to prove possession. Wallace v. State, 553 So.2d 777 (Fla. 4th DCA 1989); Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988).
Accordingly, this cause is Reversed and Remanded for further proceedings consistent herewith.
HERSEY, C.J., and DOWNEY and WALDEN, JJ., concur.
NOTES
[1] The car was rented in McClain's mother's name.