667 So.2d 208 (1995)
Ricky GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02914.
District Court of Appeal of Florida, Second District.
August 2, 1995.
*210 Melissa Gilkey Mince, Seminole, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellee.
LAZZARA, Judge.
The appellant, Ricky Green, challenges his judgment and sentence, imposed after a jury trial, for trafficking in cocaine. He argues that the trial court erred in denying his motion for judgment of acquittal made in accord with Florida Rule of Criminal Procedure 3.380. We agree and reverse and remand with directions to discharge appellant because the state's circumstantial proof failed to provide substantial, competent evidence inconsistent with any reasonable hypothesis of innocence.
The following proof was adduced at trial in support of the state's allegation in the criminal information that appellant trafficked in illegal drugs in violation of section 893.135, Florida Statutes (1991), by being in actual or constructive possession of cocaine. On the morning of July 9, 1992, the appellant, while driving a rental car from Miami northbound on the Sunshine Skyway bridge, was stopped by Florida Highway Patrol Trooper Morris for exceeding the speed limit. He was accompanied by his brother, who was seated in the right front passenger seat. Another trooper, Trooper Lanese, immediately arrived at the scene with a K-9 drug dog to provide back-up assistance.
During the course of the stop, Trooper Morris learned that appellant was from Miami and thus decided to issue him a warning citation. He also noted that appellant appeared nervous, although that was not an uncommon reaction from a motorist just stopped by a law enforcement officer. Trooper Lanese, in the meantime, began engaging appellant's brother in conversation and noted he was more nervous than the ordinary passenger involved in a traffic stop. After the troopers conferred, Trooper Morris asked appellant why his brother was so nervous, to which appellant replied his brother had no reason to react that way. As Trooper Morris continued to speak with appellant, he noticed that appellant became more nervous, thus prompting him to ask if there were any weapons or drugs in the car. The appellant stated there were none.
Notwithstanding this denial, Trooper Morris had Trooper Lanese use his K-9 dog to perform an exterior search of the car. After the dog "alerted" to the presence of drugs, the troopers placed appellant and his brother in Trooper Morris's patrol car and commenced a search of the rental car. They initially searched the trunk and discovered the presence of luggage, electrical tape, a Phillips screw driver, razor blades, and a brown paper bag. Based on his experience, Trooper Lanese opined at trial that the screwdriver indicated the presence of a hidden drug compartment, the tape could be used to wrap cocaine to mask its odor, and the razor blades could be used to cut cocaine. The only evidence linking appellant to these items was his possession of the car's ignition key which also opened the trunk.
The troopers' later search of the car's interior proved more fruitful. They discovered the presence of four balls of cocaine wrapped in electrical tape and fresh onions hidden from view in a compartment above the glove box. To retrieve the cocaine, Trooper Lanese had to remove two Phillips screws which had "fresh" scratch marks. However, he did not process the glove box for the presence of latent fingerprints because the car was a rental car, and he was unable to lift any such prints from the screwdriver found in the trunk. Furthermore, a subsequent latent fingerprint examination of the cocaine wrappings failed to reveal the existence of any prints of comparison value.
Both troopers testified that during the search of the car they smelled a "spicy" odor which they were unable to conclusively identify. Trooper Lanese also related that the diameter of one of the balls of cocaine matched the diameter of a stain on the paper bag found in the trunk. However, he failed *211 to have the bag analyzed for the presence of latent fingerprints or cocaine.
Finally, the state presented a stipulation in lieu of the live testimony of a Gloria Barnes. The stipulation recited that the car had been rented by Ms. Barnes and appellant's brother on July 7, 1992, that the lease agreement expired on July 16, 1992, that appellant's brother had possession of the car after its rental, and that Ms. Barnes neither possessed nor drove the car at any time. There was no evidence, however, establishing when, where, and under what circumstances the appellant entered or began driving the car.
After the state rested, the appellant moved for judgment of acquittal, specifically contending that other than his joint possession of the car, there was no other evidence supporting a finding that he had knowledge of the presence of cocaine within the car. The trial court denied the motion, determining that there was sufficient circumstantial evidence "combined with the odor of the onion and all the rest" from which the jury could find knowledge. We respectfully disagree with this determination.
It is apparent from the recitation of the facts that since appellant was not in actual possession of cocaine, and the cocaine was not in plain view, the state was required to prove that he constructively possessed it. Lewis v. State, 570 So.2d 346, 348 (Fla. 2d DCA 1990). To meet this burden, the state had to prove that appellant had dominion and control over the cocaine, knew it was within his presence, and had knowledge of its illicit nature. Brown v. State, 428 So.2d 250, 252 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). Furthermore, because the appellant jointly possessed the car with his brother, his knowledge of the presence of cocaine, as well as his ability to control it, could not be inferred but had to be established by independent proof. Id. Thus, the mere fact that appellant was in joint possession of a car in which cocaine was found did not establish his constructive possession of that cocaine and would be insufficient to allow a jury to find him guilty of the offense charged. Pena v. State, 465 So.2d 1386, 1388 (Fla. 2d DCA 1985); Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978).
Viewing the evidence in the light most favorable to the state, as we are required to do, we conclude that the most the state demonstrated in the form of substantial, competent evidence tending to establish constructive possession of cocaine was that appellant was the non-owner driver of the car which he jointly occupied with his brother; that appellant exhibited nervousness after being stopped for speeding; that there was a spicy odor in the car; and that cocaine was found hidden in a secret compartment over the car's glove box. Such circumstantial evidence, although conclusively establishing appellant's proximity to the cocaine, was insufficient under the well-settled case law of this state to prove he constructively possessed it. See, e.g., Lewis, 570 So.2d 346; A.S. v. State, 460 So.2d 564 (Fla. 3d DCA 1984); Manning, 355 So.2d 166; Hively v. State, 336 So.2d 127 (Fla. 4th DCA 1976); In Interest of D.J., 330 So.2d 34 (Fla. 4th DCA 1975); Faggionato v. State, 329 So.2d 31 (Fla. 2d DCA 1976). Nor was this evidence legally sufficient to exclude the reasonable hypothesis that the appellant's brother, who had possession of the car after he rented it with Ms. Barnes, and was noticeably more nervous than an ordinary passenger during a routine traffic stop, placed the cocaine in the hidden compartment without the appellant's knowledge prior to the time appellant entered or began driving the car. See Lewis, 570 So.2d 346.
In reaching this conclusion, we have not overlooked the state's argument that the jury could reasonably infer appellant's knowledge of the presence of cocaine from his possession of the ignition key which gave him access to the drug-related items in the trunk. However, to conclude that this tenuous evidence somehow links appellant to the cocaine and thus is sufficient to sustain his conviction requires an impermissible stacking of inferences to prove the ultimate fact of knowledge. That is, one would first have to infer from appellant's possession of the key that at some point he used it to gain access to the trunk. One would next have to infer that appellant knew the specific purpose for which *212 the trunk's contents were to be used.[1] One would then have to infer that he used those items to cut, package, and store the cocaine in the hidden compartment and thus knew of its presence and constructively possessed it.
This court has held, however, that "[w]here two or more inferences in regard to the existence of a criminal act must be drawn from the evidence and then pyramided to prove the crime charged, the evidence lacks the conclusive nature to support a conviction." I.F.T. v. State, 629 So.2d 179, 180 (Fla. 2d DCA 1993). Thus, we reject the state's theory of knowledge premised on the appellant's possession of the ignition key because it requires an impermissible pyramiding of inferences to prove the ultimate existence of constructive possession. See State v. Snyder, 635 So.2d 1057, 1058 (Fla. 2d DCA 1994). Accord Hons v. State, 467 So.2d 829, 830 (Fla. 2d DCA 1985).
We have also carefully considered the probative value of the odor emanating from the car, a fact which the trial court emphasized in denying the motion for judgment of acquittal. However, if the odor of marijuana detected by trained law enforcement officers, coupled with the presence of that drug in plain view, is legally insufficient to support a finding of constructive possession on the part of a joint occupant of a vehicle, e.g., Hively, 336 So.2d 127,[2] then certainly the mere presence of a "spicy" odor, which experienced law enforcement officers were unable to conclusively identify, was likewise a legally insufficient circumstance from which it could be inferred that appellant knew the source of the odor was cocaine wrapped in onions. We find significant, in that regard, Trooper Morris's testimony that in his personal experience he had never before observed spices or onions being used to hide the smell of cocaine as was done in this case.
We recognize that these circumstances paint a suspicious factual scenario in terms of the appellant's possible involvement with the contraband found in his brother's rental car. The law of this state, however, requires us to apply a special standard of review when analyzing the sufficiency of the evidence to sustain a conviction based wholly on circumstantial evidence. Jaramillo v. State, 417 So.2d 257 (Fla. 1982). Under that standard, "[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So.2d 187, 188 (Fla. 1989) (emphasis added). Furthermore, although the state is not required to conclusively rebut every possible variation of events which could be inferred from the evidence, it must produce substantial, competent evidence from which the jury can exclude every reasonable hypothesis of innocence except that of guilt. Otherwise, a trial court must grant a motion for judgment of acquittal under rule 3.380. Id. at 188-189.
In accord with these well-settled principles, we are compelled to conclude that the trial court erred in denying appellant's motion for judgment of acquittal and thus his conviction must be reversed. In our view, no matter how suspicious the facts of this case appear to be, the state failed to present substantial, competent evidence inconsistent with the reasonable hypothesis that appellant's brother placed the cocaine within the confines of the rental car without appellant's knowledge.
Accordingly, for the reasons expressed, we reverse appellant's conviction and remand with directions that he be discharged.
Reversed and remanded with directions.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Although Trooper Lanese's extensive training and experience led him to immediately recognize the drug-related significance of these otherwise normal, everyday items, there was no evidence suggesting that appellant knew they were capable of being used as drug-related implements. See Mishmash v. State, 423 So.2d 446 (Fla. 1st DCA 1982), review denied, 434 So.2d 889 (Fla. 1983), cert. denied, 464 U.S. 1071, 104 S.Ct. 980, 79 L.Ed.2d 217 (1984).
[2] See also Harvey v. State, 390 So.2d 484, 485 n. 1 (Fla. 4th DCA 1980).