BLUE, Judge.
Donnie L. Adkins was convicted of felon in possession of a firearm following a jury trial. He also entered a no contest plea to possession of cocaine, which had been severed from the firearm charge. He appeals the firearm conviction and argues that the State’s circumstantial evidence was insufficient. We agree and reverse. He also appeals his sentences and argues error based on points assessed for the firearm possession. The legal issue is moot based on our reversal of the firearm conviction, which necessitates a deletion of the firearm points. Accordingly, we reverse the sentence for possession of cocaine and remand for resentencing on that conviction with a corrected scoresheet.
Adkins was stopped for driving the wrong way down a one-way street. He admitted to the police officers that he was driving with a suspended license and was arrested. A search of the car’s interior revealed a box of ammunition located *962 between the front seats. A passenger was present in the car with Adkins. Post Miranda,[1] Adkins admitted to the officers that he had purchased the ammunition from a pawnshop earlier. During a further search of the car, the officers found a pistol in the trunk. Adkins denied any knowledge of the gun. Although Adkins did not testify at trial, these statements were admitted during the officer’s testimony. The car belonged to Adkins’ girlfriend, who testified that Adkins had borrowed it earlier in the day. The gun belonged to her ex-boyfriend and she placed it in the trunk to return but forgot about it. She also testified that she did not tell Adkins about the presence of the gun in the trunk.
Adkins argues that the State’s circumstantial evidence was insufficient to prove constructive possession. “Knowledge of the presence of a firearm within a vehicle cannot be presumed from-joint possession of the vehicle.” Smith v. State, 687 So.2d 875, 878 (Fla. 2d DCA 1997). The State must establish this element by independent proof. See Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995). Here, the State presented no evidence that would show Adkins made incriminating statements or acknowledged the presence of the gun. Instead, the State relied on the ammunition in the car. We conclude that this evidence was not sufficient to prove Adkins had knowledge of the gun in the trunk.
“Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State v. Law, 559 So.2d 187, 188 (Fla.1989). In this case, although the circumstantial evidence may suggest guilt, it is equally consistent with Adkins’ reasonable hypothesis of innocence, to wit: he borrowed a car and did not know there was a gun in the trunk. Accordingly, we reverse the conviction for felon in possession of a firearm. We affirm the conviction for possession of cocaine and remand for resentencing on that offense with a new scoresheet.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and GREEN, J., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).