745 So.2d 1087 (1999)
George EARLE, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
Brian Green, Appellant/Cross-Appellee,
v.
State of Florida, Appellee/Cross-Appellant.
Nos. 98-4393, 98-4394.
District Court of Appeal of Florida, Fourth District.
November 24, 1999.
*1088 Michael B. Rubin, Stuart, for appellants/cross-appellees.
Robert A. Butterworth, Attorney General, Tallahassee, and Simone P. Firley, Assistant Attorney General, Fort Lauderdale, for appellee/cross-appellant.
GROSS, J.
George Earle and Brian Green appeal their convictions of trafficking in cocaine, contrary to section 893.135(1)(b)1.c., Florida Statutes (1999).[1] Appellants' main contention is that the evidence at trial was legally insufficient to support their convictions. We agree and reverse.
On Sunday, June 21, 1998, Brian Green was driving a car owned by the wife of George Earle. Deputy Robert Kohl stopped the car on Interstate 95 for the traffic infraction of following too closely, contrary to section 316.0895(1), Florida Statutes (1999). Earle sat in the front passenger seat at the time of the stop.
After the stop, Deputy Kohl asked the two men for identification and wrote several citations. The deputy asked Green why he had been in Miami. Green responded that they had been visiting family and had left Maryland on Thursday. Earle also stated that they had visited family in Miami; however, he indicated that they had left Maryland on Friday.
Both men gave the deputy permission to search the vehicle. During the search, Deputy Kohl noticed that the panel on the rear passenger door was not bolted down and was ajar. When he pulled the door panel back further, he found eight packages of taped material, which he recognized as cocaine. Deputy Kohl then arrested and handcuffed both men.
No other drugs, contraband, or drug paraphernalia were found anywhere else in the car or on Earle or Green. No latent fingerprints were discovered on the packages. The contents of the packages proved to be cocaine weighing 2,101 grams.
The jury found both Earle and Green guilty of trafficking in cocaine weighing 400 grams or more, but less than 150 kilograms.
The cocaine trafficking statute prohibits one from "knowingly" being "in actual or constructive possession" of a certain quantity of cocaine. See § 893.135(1)(b)1., Fla. Stat. (1999). Where, as in this case, a defendant is not in actual possession of cocaine, the state *1089 must establish constructive possession. Constructive possession exists where a defendant does not have physical possession of contraband but (1) knows it is within his presence, (2) has the ability to maintain control over it, and (3) knows of the illicit nature of the contraband. See Brown v. State, 428 So.2d 250, 252 (Fla.1983); Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998).
If the area in which contraband is found is within the defendant's exclusive possession, then his "guilty knowledge of the presence of the contraband, together with his ability to maintain control over it, may be inferred." Wale v. State, 397 So.2d 738, 739-40 (Fla. 4th DCA 1981). However, if contraband is found in a place that is in joint, rather than exclusive, possession of a defendant, then knowledge of the contraband's presence and the ability to control it will not be inferred from the accused's ownership of the premises or presence near the contraband, but must be established by independent proof. See Brown, 428 So.2d at 252; Williams v. State, 724 So.2d 1214, 1215 (Fla. 4th DCA 1998). Such proof may consist of evidence of actual knowledge of the contraband's presence, evidence of incriminating statements or actions, or other circumstances from which a jury might lawfully infer the defendant's actual knowledge of the presence of contraband. See Dupree, 705 So.2d at 94. When there is joint possession of the location where contraband is found, a defendant's proximity to the contraband, without more, is not sufficient to establish constructive possession. See id.; McClain v. State, 559 So.2d 425, 426 (Fla. 4th DCA 1990); Moffatt v. State, 583 So.2d 779, 781 (Fla. 1st DCA 1991); Agee v. State, 522 So.2d 1044, 1046 (Fla. 2d DCA 1988).
A common fact pattern requiring application of the law of constructive possession occurs where drugs are found concealed in a vehicle occupied by two or more persons. Examination of such cases reveals that courts have reversed convictions even where there was a greater quantum of "independent proof" of the accused's guilty knowledge than exists in this case. See Thomas v. State, 743 So.2d 1190 (Fla. 4th DCA 1999); Gueits v. State, 566 So.2d 829 (Fla. 4th DCA 1990); McClain; Manning v. State, 355 So.2d 166 (Fla. 4th DCA 1978); Green v. State, 667 So.2d 208 (Fla. 2d DCA 1995); S.B. v. State, 657 So.2d 1252 (Fla. 2d DCA 1995); Cordero v. State, 589 So.2d 407 (Fla. 5th DCA 1991); Moffatt; King v. State, 556 So.2d 490 (Fla. 1st DCA 1990).
For example, in Green, a trooper stopped the defendant for speeding in a rental car northbound from Miami. The defendant was traveling with his brother, who sat in the front passenger seat at the time of the stop. The car had been rented two days before the stop by the brother and a woman. The trooper found a Phillips screwdriver, electrical tape, razor blades, and a brown paper bag in the trunk. To the trooper, these items indicated the presence of a hidden drug compartment. The trooper ultimately discovered "four balls of cocaine wrapped in electrical tape and fresh onions hidden from view in a compartment above the glove box. To retrieve the cocaine, [the trooper] had to remove two Phillips screws which had `fresh' scratch marks." Green, 667 So.2d at 210.
The second district summarized the evidence against the defendant:
[T]he most the state demonstrated in the form of substantial, competent evidence tending to establish constructive possession of cocaine was that appellant was the non-owner driver of the car which he jointly occupied with his brother; that appellant exhibited nervousness after being stopped for speeding; that there was a spicy odor in the car; and that cocaine was found hidden in a secret compartment over the car's glove box. Such circumstantial evidence, although conclusively establishing appellant's proximity to the cocaine, was insufficient under the well-settled case law *1090 of this state to prove he constructively possessed it. Nor was this evidence legally sufficient to exclude the reasonable hypothesis that the appellant's brother, who had possession of the car after he rented it with Ms. Barnes, and was noticeably more nervous than an ordinary passenger during a routine traffic stop, placed the cocaine in the hidden compartment without the appellant's knowledge prior to the time appellant entered or began driving the car.
Id. at 211 (citations omitted). The second district reversed the conviction, acknowledging that the presence of drugs, the odor, and the defendant's possession of a key to the trunk containing drug related items all painted a "suspicious factual scenario." Id. at 212. However, the court also recognized that the law of constructive possession was an aspect of the circumstantial evidence rule, that "`[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.'" Id. (quoting State v. Law, 559 So.2d 187, 188 (Fla.1989)) (emphasis added); see Jackson v. State, 736 So.2d 77, 80 (Fla. 4th DCA 1999). The second district concluded in Green that application of the circumstantial evidence rule compelled reversal.
Similarly, McClain involved a defendant who was a passenger in a car stopped for speeding on the Florida Turnpike. Cocaine was discovered under the rear seat where the defendant/appellant had been seated. The cocaine was wrapped like a Chinese puzzle:
A ... trooper lifted the seat and discovered a box. Inside the box was a white paper bag. The defendant's fingerprint was on the outside of the paper bag. Inside the bag was a package wrapped in tissue paper. The defendant's fingerprints were not on the tissue paper. Inside the tissue paper was a ziploc bag. The defendant's fingerprints were not on the ziploc bag. Inside the ziploc was the cocaine wrapped in duct tape. The defendant's fingerprints were not on the duct tape. The fingerprint of the other occupant of the back seat, King Williams, was also found on the bottom of the outside box. Additionally other unidentified fingerprints were found inside the box.
McClain, 559 So.2d at 426. The defendant in McClain was convicted of attempted trafficking. Applying the circumstantial evidence rule and Kresbach v. State, 462 So.2d 62 (Fla. 1st DCA 1984), this court reversed, even in the face of fingerprint evidence which is completely missing from this case.
The state asserts that the fact that McClain's fingerprint was on the bag holding the cocaine (a reason we already have rejected), the fact that the rental agreement showed that the car was leased to his mother, and the fact that McClain was sitting directly over the cocaine, circumstantially showed that McClain knew that the substance was cocaine and had control over it. We disagree. Mere proximity to the contraband, without more, is legally insufficient to prove possession. Wallace v. State, 553 So.2d 777 (Fla. 4th DCA 1989); Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988).
McClain, 559 So.2d at 426.
In this case, the circumstantial evidence of constructive possession does not rise to the level of that found insufficient to sustain a conviction in Green and McClain. The cocaine was not in plain sight, but was concealed behind a door panel. See Pressley v. State, 712 So.2d 1240, 1241 (Fla. 4th DCA 1998). The vehicle was owned by Earle's wife. Earle and Green did not attempt to elude the police. Cf. State v. St. Jean, 658 So.2d 1056, 1057 (Fla. 5th DCA 1995). No illegal drugs were in the defendants' actual possession or in plain view in the passenger compartment of the car. Cf. Nogar v. State, 277 So.2d 257, 258 (Fla.1973). There were no *1091 tools or other items found in the car which might have indicated the presence of a secret drug compartment. Cf. Green, 667 So.2d at 210. There was no unusual odor in the car. See id. 211. Both men cooperated completely with the police and freely consented to the search. No fingerprints were found on the drug packages or in the immediate area where they were stored. See Anderson v. State, 624 So.2d 362, 364 (Fla. 1st DCA 1993). Both men told the officer that they were on their way from Miami where they had been visiting Earle's family. The only discrepancy in their stories was minorEarle said they had left for Miami on Friday, while Green indicated that their departure was on Thursday. If they departed late at night, this variance would have been a matter of minutes. Neither Earle nor Green made incriminating statements regarding the cocaine; their silence after its discovery may not be used against them. See Lewis v. State, 570 So.2d 346, 348 (Fla. 2d DCA 1990).
Based upon the well established line of authority cited above, the state's evidence was legally insufficient to establish that each defendant knowingly was in constructive possession of the cocaine. The convictions are reversed and the cases are remanded to the trial court with directions to discharge the defendants.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] We have sua sponte consolidated their cases.