793 So.2d 1165 (2001)
Arthur James LINDSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-3007.
District Court of Appeal of Florida, First District.
September 13, 2001.
*1166 Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Kenneth D. Pratt, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Arthur James Lindsey, seeks review of his conviction and sentence for trafficking in cocaine and possession of cannabis on the grounds that the trial court erred in denying his motion for judgment of acquittal. Concluding that the state failed to establish the essential element of constructive possession, we reverse.
On April 27, 1997, Appellant was a passenger in a vehicle that was stopped for careless driving. The driver, with Appellant still in the vehicle, fled in the vehicle from the stop. A chase ensued. Both the driver and Appellant exited the vehicle and fled from the vehicle. They were apprehended after a chase on foot. A search of the vehicle produced two guns but no drugs. The arresting officer retraced the path of the pursuit, approximately three hours after the incident; he discovered a plastic grocery bag containing cocaine, marijuana, and two bullets beside an interstate exit ramp which the fleeing car had passed when exiting the interstate. Appellant acknowledged that he knew there were guns and drugs in the car. Appellant was also able to accurately describe the way the drugs were packaged. Appellant stated that the drugs were not his and denied that he had handled them.
Appellant was charged with trafficking in cocaine, possession of a firearm by a convicted felon and possession of more than 20 grams of cannabis. The firearm possession charge was severed. Following jury trial, Appellant was found guilty, as charged, of trafficking in cocaine and possession of more than 20 grams of cannabis. Appellant was sentenced to concurrent sentences of 60.56 months. This appeal followed.
Appellate review of a trial court's denial of a motion for judgment of acquittal is de novo. See State v. Williams, 742 So.2d 509, 511 (Fla. 1st DCA 1999). The motion for judgment of acquittal in the instant proceeding alleged that the state failed to present a prima facie case of possession of the contraband.
In the instant case, the state was required to prove constructive possession, as there was no evidence of actual possession. "Constructive possession" exists where a defendant does not have actual physical possession of contraband but knows of its presence and has the ability to exercise and maintain control over the contraband. See Brown v. State, 428 So.2d 250 (Fla.1983). To show constructive possession, the state must demonstrate that the defendant exercised dominion and control over the contraband, had knowledge of the presence of the contraband and had knowledge of the illicit nature of the substance. See Hill v. State, 736 So.2d 133 (Fla. 1st DCA 1999). In the instant proceeding, there was no dispute that Appellant had knowledge of the presence of the contraband and its illicit nature. Thus, the state had to prove the remaining element of constructive possession, that Appellant exercised dominion and control over the contraband.
*1167 The state relies on the following evidence as being sufficient to establish constructive possession: 1) Appellant fled from the officers during a normal traffic stop;[1] 2) Appellant knew of the presence of the drugs and how they were packaged; 3) the car in which Appellant was a passenger was traveling at a very high rate of speed on a very sharp turn; 4) the contraband was found on the right side of the shoulder of the road on the ramp.
However, Appellant's being close enough to the bag to describe its contents, and his sitting on the same side of the car closest to the side of the highway where contraband was discovered, do not establish that Appellant exercised dominion and control over the bag. See Agee v. State, 522 So.2d 1044 (Fla. 2d DCA 1988). Proximity to contraband, standing alone, is insufficient to establish possession. See id. In Agee, an officer discovered a matchbox containing heroin approximately one foot from where the defendant had been found crouching. This evidence was insufficient to establish possession. Id. at 1046. See also Tanksley v. State, 332 So.2d 76 (Fla. 2d DCA 1976)(defendant's being located 15 feet from the public place where officers found heroin did not establish possession, even though defendant's fingerprints were found on an envelope located in the same place as the heroin packets). Further, this Court found insufficient evidence to establish constructive possession where cocaine was located "just barely" under the front seat on the driver's side of the car in which the defendant, with a passenger, was driving. See Hill, 736 So.2d at 133. In addition, a cocaine trafficking conviction was reversed based on insufficient evidence where the defendant was apprehended by officers in an alley following a chase and the officers found cocaine in the alley about four feet from the defendant. See Davis v. State, 761 So.2d 1154, 1158 (Fla. 2d DCA 2000) (proof of mere proximity of the defendant to the drugs is insufficient to sustain a conviction for constructive possession).
It is also significant in this case that the bag containing contraband was found in a public place, i.e., the side of an interstate exit ramp. When the contraband is found in a public place, more than mere proximity to the defendant must be shown to sustain a conviction. See Davis, 761 So.2d at 1159; see also Dupree v. State, 705 So.2d 90 (Fla. 4th DCA 1998). In addition, if the premises on which the contraband is found are not in exclusive possession of a defendant, the accused's ability to maintain control over the contraband will not be inferred but must be established by independent proof. See Brown, 428 So.2d at 252; see also Dupree, 705 So.2d at 94.
As the state has failed to establish more than mere proximity, we conclude that there was insufficient evidence for a jury to find that Appellant exercised dominion and control over the bag of contraband. Thus, the state failed to establish constructive possession, an essential element of the crime. As the state failed to present evidence from which the jury could exclude every reasonable hypotheses of innocence, the trial court erred in denying Appellant's motion for judgment of acquittal. Accordingly, we reverse Appellant's convictions for trafficking in cocaine and possession of cannabis and remand for *1168 vacating Appellant's sentences based on these convictions.
REVERSED and REMANDED.
BARFIELD, WOLF and LEWIS, JJ., concur.
NOTES
[1] Although a jury may infer guilt from flight, see Batey v. State, 355 So.2d 1271 (Fla. 1st DCA 1978), Appellant was merely a passenger in the vehicle. He did not control the operation of the fleeing vehicle. Therefore, this evidence is insufficient to support any inference of guilt.