873 So.2d 491 (2004)
John Nicholas HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-0200.
District Court of Appeal of Florida, First District.
May 13, 2004.
*492 Nancy A. Daniels, Public Defender, and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Sherri T. Rollison, Assistant Attorney General, Tallahassee, for Appellee.
VAN NORTWICK, J.
John Nicholas Hill seeks reversal of his conviction for trafficking in cocaine in an amount of more than 200 grams but less than 400 grams on the ground that the trial court erred in denying his motion for a judgment of acquittal. We agree and reverse the conviction, and we remand for entry of a conviction for possession of cocaine.
The denial of a motion for a judgment of acquittal is reviewed under the de novo standard. State v. Williams, 742 So.2d 509 (Fla. 1st DCA 1999). The evidence adduced at trial revealed that Hill was arrested following execution of a search warrant in an apartment where he was found sleeping. Also sleeping in the apartment, in the same bedroom as Hill, was a female friend, Natasha Kyser, who was the leasor of the apartment. The search warrant referenced Donald Butler, the brother of Kyser, who was not in the apartment at the time of the search. Also referenced on the search warrant was an individual identified only as "Nick." A police officer testified that Hill admitted to the nickname "Nick" after his arrest. Kyser was not named in the search warrant.
The evidence further revealed that two separate, sizable caches of cocaine were found; each was found hidden in voids under drawers in the bottom of a separate dresser. One of the caches consisted of powered cocaine and the other of "crack" cocaine. A smaller amount of powdered cocaine, .4 grams, was found on the window sill behind the bed where Hill and Kyser were found sleeping. On a dresser in that bedroom was found a scale and a wire whip, which was still in the store packaging. Police testified that such items were used in the manufacture and sale of crack cocaine. Another scale was found in a hall closet. Another whip was found in the kitchen. Plastic cups, which police said were frequently used to store processed cocaine as it hardened, were found in a kitchen cupboard. Small plastic bags, similar to the bags containing cocaine, were found in the kitchen garbage can.
At trial a police officer testified that, as police were searching the bedroom where the entire quantum of cocaine was found, Hill, who was in the living room with Kyser and a police officer, was heard to say, "they found it." The appellant testified that during the search he heard the police officers say to each other "we found it" and then he turned to Kyser and asked "they found it?" While men's clothing was found in the apartment, the prosecution did not establish at trial that the clothing was appellant's. Hill's fingerprints were not found in the apartment.
At the close of the State's case, the defense moved for a judgment of acquittal arguing the prosecution had not proved all of the elements of constructive possession. The trial court denied the motion, noting that Hill's statement, "they found it," constituted sufficient proof to withstand a motion for a judgment for acquittal. The jury returned a verdict finding appellant guilty of trafficking in cocaine and possession of drug paraphernalia. Appellant has not appealed the latter conviction.
Appellant was convicted for trafficking more than 200 grams, but less than 400 grams, of cocaine in violation of section 893.135(1)(b)1.b., Florida Statutes (2002). As was explained in Earle v. State, 745 So.2d 1087, 1088-9 (Fla. 4th DCA 1999), the cocaine trafficking statute prohibits *493 one from "knowingly" being "in actual or constructive possession" of a certain quantity of cocaine. Where, as in this case, a defendant was not in actual possession of cocaine, the State must establish constructive possession. Proof of constructive possession is established when a defendant does not have physical possession of contraband but (1) knows it is within his presence, (2) has the ability to maintain control over it, and (3) knows of the illicit nature of the contraband. Id.; see also Brown v. State, 428 So.2d 250, 252 (Fla.1983), and Dupree v. State, 705 So.2d 90, 94 (Fla. 4th DCA 1998). If contraband is found in a place that is in joint, rather than exclusive, possession of a defendant, the defendant's knowledge of the contraband's presence and the ability to control it cannot be inferred from the defendant's proximity to the contraband, but must be established by independent proof. Earle, 745 So.2d at 1089; Brown, 428 So.2d at 252; Williams v. State, 724 So.2d 1214, 1215 (Fla. 4th DCA 1998). As was explained in State v. Law, 559 So.2d 187, 188-189 (Fla.1989), where the only evidence of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. See also Ogle v. State, 820 So.2d 1054, 1056 (Fla. 4th DCA 2002).
While the appellant was sleeping in a room where a small quantity of cocaine and drug paraphernalia were in open view, the larger caches of cocaine were hidden in dressers. Even viewing the evidence in a light most favorable to the State, the evidence did not prove that Hill was in constructive possession of the entire quantum of cocaine found on the premises. See Dupree v. State, 705 So.2d at 94. As Hill argues, his statement, "they found it," could have referred to the small amount of cocaine found on the window sill. Moreover, Hill's statement, even when coupled with the items in plain view, such as a wire whisk and scales, neither permits the inference that Hill knew of the presence of the entire amount of cocaine seized from the hidden locations in the apartment nor permits the inference that he controlled the entire amount. Earle, 745 So.2d at 1088-9. Accordingly, the trial court erred in its denial of the motion for a judgment of acquittal on the charge of trafficking in cocaine in an amount of more than 200 grams but less than 400 grams.
The evidence, however, does support a conviction for the lesser offense of possession of cocaine. So long as the evidence supports it, simple possession of cocaine is a permissive lesser included offense of trafficking in cocaine where the information alleges trafficking by sale, manufacture, delivery, or possession. Russ v. State, 612 So.2d 688, 689 (Fla. 2d DCA 1993); see In Re Standard Jury Instructions, 723 So.2d 123, 125 (Fla.1998)(holding simple possession to be a category 2 lesser offense of trafficking). In the case before us, the information charged that Hill did sell, purchase, manufacture, deliver, or bring into the state or did have actual or constructive possession of cocaine. The jury was instructed on the lesser offense of simple possession.
Therefore, the judgment of conviction for trafficking is reversed, the sentence therefore is vacated, and the cause is remanded for entry of a judgment of conviction for possession of cocaine, contrary to section 893.13(6)(a), Florida Statutes, and for resentencing using a corrected scoresheet. We do not disturb the conviction or sentence for possession of paraphernalia.
REVERSED and REMANDED.
PADOVANO and HAWKES, JJ., CONCUR.