BROWNING, J.
 

 Daniel A. Taylor (Appellant) was convicted of trafficking in cannabis (marijuana) in an amount in excess of 25 pounds, in violation of section 893.135(l)(a)l., Florida Statutes (2006), and was sentenced to 10 years’ incarceration (with a 3-year mandatory minimum term), to be followed by 10 years’ probation. He contends that the trial court should have granted his motion for judgment of acquittal (JOA) due to the lack of evidence establishing Appellant’s constructive possession of the cannabis, which was packaged in “bricks” in a large grocery bag located inside the vehicle between Appellant and his co-defendant. We affirm.
 

 “We review
 
 de novo
 
 the trial court’s denial of a motion for JOA, to determine solely whether the evidence is legally sufficient.”
 
 Robinson v. State,
 
 936 So.2d 1164, 1165 (Fla. 1st DCA 2006);
 
 see Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002);
 
 Jones v. State,
 
 790 So.2d 1194, 1196 (Fla. 1st DCA 2001) (en banc). In reviewing the denial of the motion, we consider the evidence and all reasonable inferences in a light most favorable to the State as the non-moving party.
 
 See Williams v. State,
 
 967 So.2d 735, 755 (Fla.2007);
 
 State v. Ling,
 
 906 So.2d 1231, 1233-34 (Fla. 1st DCA 2005);
 
 State v. Williams,
 
 742 So.2d 509, 511 (Fla. 1st DCA 1999).
 

 Factual Background
 

 The evidence demonstrated that around 6:00-7:00 P.M. on December 18, 2006, Appellant was driving a vehicle owned by Mr. Griffin, who was his passenger and co-defendant. Deputy Culbreath, who was on patrol in an unmarked Chevrolet Tahoe, observed the vehicle run through a stop sign. The deputy engaged his blue lights to effect a traffic stop, although Appellant continued driving 400 or 500 yards and made a U-turn into a restaurant parking lot, despite the availability of ample, closer parking areas on the same side of the road along which the vehicle originally was heading. The vehicle had very dark, tinted windows. When Appellant and his pas
 
 *79
 
 senger started to exit the vehicle, Deputy Culbreath asked the passenger to remain inside for safety reasons. As Appellant and the deputy stood at the rear of the vehicle, Appellant acknowledged not having his driver’s license with him. While the deputy asked routine questions and processed the traffic citation, he noticed certain “criminal indicators” that, in his experience, suggested that criminal activity was afoot. Specifically, Appellant seemed scared or excessively nervous for someone involved in a mere traffic stop. He was breathing fast, his carotid artery was pounding, and his face was twitching. Appellant was sweating profusely on a December evening. Appellant explained that he had been sick; he attributed his nervous behavior to taking antibiotics. The deputy assured Appellant that, as a courtesy to a fellow Washington County resident, he would receive only a warning citation.
 

 Meanwhile, the passenger was questioned about certain details demonstrating his ownership of the vehicle. Deputy Cul-breath was trained to distinguish between the odors of fresh, raw marijuana and burnt marijuana. While standing outside the passenger’s side of the vehicle, the deputy detected the unmistakable odor of raw marijuana wafting from inside. He asked the passenger to exit the vehicle. Next, Deputy Culbreath read their rights to Appellant and the passenger pursuant to
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 After issuing the warning citation, Deputy Culbreath aimed his flashlight through the passenger’s window and saw, in plain view, a small, clear ziplock baggie of marijuana by the receptacle for the passenger’s seatbelt. The vehicle had bucket seats and a console. The deputy opened the passenger’s door, retrieved the baggie, and showed it to the two men. Appellant and the passenger were placed alone in the back seats of separate patrol vehicles.
 

 Renewing his search of the interior of the vehicle, Deputy Culbreath observed a large, plain brown paper bag, the bottom of which was located on the back seat. The bag was leaning forward; it was placed so that its top was between, and extremely close to, the front seats, if not actually touching them. The top of the bag was only partially closed. Inside the grocery bag was a black plastic bag, inside which the deputy found six bundles or bricks of marijuana wrapped in newspaper and duct-taped. The contraband was secured and turned over to the evidence unit of the Washington County Sheriffs Office, which forwarded it to the F.D.L.E. for examination and analysis. The total weight of the six marijuana bricks, without the packaging, is 29.2 pounds. The deputy found a significant amount of rubber-banded money in the door handle on the passenger’s side and money on his person.
 

 After the arrest of Appellant and the passenger/owner of the vehicle, Deputy Culbreath arranged for the retrieval of the in-car VHS camera tape from the patrol vehicle in which Appellant had been placed. The tape from Deputy Smith’s patrol car included conversations made on his cell phone by Appellant, apparently unaware that his voice was being recorded by a covert microphone in the back seat. During his telephone conversation, Appellant told a friend, Rachel, that “somebody set us up.” Later, speaking to an unidentified person, Appellant said over the phone: “[H]ey dude, I’m busted.” Next, he commented: “Listen, daddy set me up. Daddy. They got us with 30 pounds, I swear to God.” Apparently talking to his mother on the cell phone, Appellant remarked:
 

 Momma, I got set up by daddy. Daddy set me up. I’m in the back of the law
 
 *80
 
 car. He had 30 pounds, momma, he was there. Yeah. Yeah, he did momma. I’m in the back of a cop car. [inaudible] No, momma, now, listen. What? I’m [expletive]. Daddy set me — daddy set me up momma, I swear cause he rode up behind us whenever we was leaving out. [inaudible] Yeah, he did and it was an illegal pull over, I know, [inaudible] All right, mom, forget it. That’s a lie. Oh, so how did you know all that? Thank you. Tell him I said, thank you. He was over there where I just got it from.
 

 No part of the other half of the conversations was audible.
 

 Law
 

 According to the standard jury instruction, to prove the crime of “trafficking in cannabis,” the State had to prove the following elements beyond a reasonable doubt:
 

 1. Defendant knowingly sold, purchased, manufactured, delivered, brought into Florida, or possessed a certain substance.
 

 2. The substance was cannabis.
 

 3. The quantity of the cannabis involved was in excess of 25 pounds or 300 or more of cannabis plants.
 

 4. Defendant knew that the substance was cannabis.
 

 Fla. Std. Jury Instr. (Crim.) 25.9 (2007).
 

 Proof of possession of a controlled substance may be actual or constructive. § 893.13(6)(a), Fla. Stat. (2006);
 
 Reynolds v. State,
 
 983 So.2d 1192, 1194 (Fla. 3d DCA 2008);
 
 Robinson,
 
 936 So.2d at 1166. Because the State did not prove that Appellant had actual possession of the cannabis, and the cannabis in the grocery bag was not in plain view, the State had to establish constructive possession.
 
 Id.; Green v. State,
 
 667 So.2d 208, 211 (Fla. 2d DCA 1995). “Proof based entirely on circumstantial evidence can be sufficient to sustain a conviction in Florida .... ”
 
 Orme v. State,
 
 677 So.2d 258, 261 (Fla.1996). However, “[t]he mere fact that some contraband was in plain view does not permit the inference that the defendant knew of the entire amount of contraband found upon a search .... ”
 
 Mitchell v. State,
 
 958 So.2d 496, 500 (Fla. 4th DCA 2007);
 
 Robinson v. State,
 
 975 So.2d 593, 595 (Fla. 2d DCA 2008);
 
 see Harris v. State,
 
 954 So.2d 1260, 1262 (Fla. 5th DCA 2007);
 
 Hill v. State,
 
 873 So.2d 491, 493 (Fla. 1st DCA 2004).
 

 To prove constructive possession of the 29.2 pounds of cannabis, the State had to establish that Appellant knew of the presence of the contraband on or about his premises and had the ability to maintain dominion and control over it. § 893.101(1)-(2), Fla. Stat. (2006) (eliminating the defendant’s knowledge of the illicit nature of a controlled substance as an element of the offense the State is required to prove, and designating the lack of such knowledge as an affirmative defense to the offenses in the chapter);
 
 Brown v. State,
 
 428 So.2d 250, 252 (Fla.1983);
 
 Norman v. State,
 
 826 So.2d 440, 440-41 n. 2 (Fla. 1st DCA 2002).
 

 Appellant, who was the driver, jointly possessed the premises,
 
 i.e.,
 
 the interior of the vehicle, with the owner/passenger. If the site where the contraband is found is in joint, rather than exclusive, possession, a defendant’s knowledge of the contraband’s presence and his or her ability to control it cannot be inferred merely from the defendant’s proximity to the contraband.
 
 Brown,
 
 428 So.2d at 252;
 
 Lindsey v. State,
 
 793 So.2d 1165, 1167 (Fla. 1st DCA 2001);
 
 Earle v. State,
 
 745 So.2d 1087, 1089 (Fla. 4th DCA 1999);
 
 Walker v. State,
 
 741 So.2d 1144, 1145-46 (Fla. 4th DCA 1999) (concluding that officer lacked probable cause to arrest defendant for constructive possession of a firearm by a convicted
 
 *81
 
 felon, based merely on defendant’s proximity to a closed bag lying in the middle of the back seat and containing the gun, where the car had multiple occupants). Instead, knowledge and control must be established by independent proof.
 
 Hill,
 
 873 So.2d at 493;
 
 Earle,
 
 745 So.2d at 1090;
 
 Green,
 
 667 So.2d at 211.
 

 Such proof “may consist either of evidence establishing that the accused had actual knowledge of the presence of the contraband in the place where it is found, or circumstantial evidence from which a jury might properly infer that the accused had knowledge of the presence of the contraband.”
 
 Robinson,
 
 936 So.2d at 1167 (quoting
 
 Wale v. State,
 
 397 So.2d 738, 740 (Fla. 4th DCA 1981)). Such proof can include the defendant’s incriminating statements or actions or other circumstances allowing a lawful inference of his knowledge of the presence of the controlled substance on the premises.
 
 Hively v. State,
 
 336 So.2d 127, 129 (Fla. 4th DCA 1976) (concluding that evidence in “constructive possession” case was insufficient to present a jury question on the issue of defendant’s knowledge of the presence of marijuana close to him inside a jointly occupied automobile, where the car was not defendant’s, individuals other than defendant had been in the car shortly before defendant borrowed it, a pipe was found on the console between bucket seats, two “roaches” and a “roach clip” were found in the ashtray, and the odor of marijuana emanated from the interior).
 

 In
 
 Robinson,
 
 936 So.2d at 1164, we recognized that wholly “circumstantial evidence” cases invoke a special rule:
 

 When a case is based solely on circumstantial evidence, a special standard of review of the sufficiency of the evidence applies. The evidence must be inconsistent with any reasonable hypothesis of innocence for the conviction to be sustained.
 

 Id.
 
 at 1166;
 
 see State v. Law,
 
 559 So.2d 187, 188 (Fla.1989);
 
 Green,
 
 667 So.2d at 211;
 
 Taylor v. State,
 
 319 So.2d 114 (Fla. 2d DCA 1975). Such cases include a corollary consideration:
 

 [T]he State is not required to rebut conclusively every possible variation of events that could be inferred from the evidence, but only to introduce competent evidence that is inconsistent with the defendant’s theory of events.
 

 Robinson,
 
 936 So.2d at 1166;
 
 see Law,
 
 559 So.2d at 189. If the State introduces such evidence, then the jury must decide whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
 
 Robinson,
 
 936 So.2d at 1166.
 

 Appellant’s theory of defense was that he had driven the owner/passenger’s vehicle because the owner was “about lit” and unable to drive safely. Appellant’s counsel acknowledges on appeal that Appellant may have known of the presence of the smaller amount of cannabis found in the plastic baggie. On the other hand, Appellant testified that he had been unaware of the presence of the significantly larger amount of cannabis in the grocery bag until the traffic stop, when the passenger/owner of the vehicle unexpectedly informed him of the large amount of contraband shortly before the deputy questioned the two men. In fact, Appellant testified that the grocery bag was not there when he got into the car to drive, for he would have seen it. To challenge Appellant’s hypothesis of innocence, the State presented evidence that a very strong odor of raw cannabis was emanating from the vehicle when the deputy stepped over to the passenger’s side to question the owner. Additionally, the State relied on the audiotape of Appellant’s cell phone conversations
 
 *82
 
 made as he sat in the back seat of the patrol vehicle after being arrested and receiving his
 
 Miranda
 
 rights: specifically, the incriminating portions of the tape indicating “[t]hey got us with 30 pounds.”
 

 Taken in a light most favorable to the State, the evidence established, first, that Appellant knew of the presence of the contraband in the large bag. Second, the State presented evidence that Appellant had the ability to maintain dominion and control over the large grocery bag that was partially open and was leaning toward the space between the bucket seats where Appellant and the passenger were seated. Deputy Culbreath testified that the bag nearly would have touched the two men, although the bottom of the bag was on the back seat of the vehicle. The odor of raw marijuana emanating from inside was obvious, even from the deputy’s position outside the vehicle. It is undisputed that the substance wrapped in a plastic bag inside the big grocery bag is cannabis. The State proved that the contraband in the large bag weighs 29.2 pounds. The fourth element in the current standard jury instruction, which was read to the jury with the State’s approval, required the State to prove that Appellant knew that the substance contained in the large grocery bag is cannabis. In 2002, the Florida Legislature eliminated this fourth element as a requirement for a conviction for trafficking in cannabis. § 893.101, Fla. Stat. (2006);
 
 Person v. State,
 
 950 So.2d 1270, 1272 n. 1 (Fla. 2d DCA 2007);
 
 Norman,
 
 826 So.2d at 440-41 n. 2. Given the evidence that the strong, distinct odor of raw marijuana was pervasive in the interior when the deputy approached the passenger’s side of the vehicle, in addition to certain statements made in his cell phone conversation allowing a reasonable inference that Appellant had known all along that “they” were traveling with 30 pounds of marijuana, we conclude that the State introduced competent evidence inconsistent with the theory of defense.
 
 State v. Holland,
 
 975 So.2d 595 (Fla. 2d DCA 2008);
 
 Jean v. State,
 
 638 So.2d 995, 996-97 (Fla. 4th DCA 1994) (concluding, in appeal of prosecution for trafficking in cocaine resulting in conviction for attempted possession of cocaine, that circumstantial evidence was sufficient to show defendant’s dominion and control over cocaine in a non-residential duplex apartment with multiple persons present, where defendant was found sitting on a couch, the floor of the room was strewn with approximately 200 cocaine rocks, windows were barred and a grated metal interior door was padlocked, and the premises were ill-suited for casual social gatherings, so that State presented evidence inconsistent with the theory that defendant simply was a visitor).
 

 This scenario is distinguishable from the circumstances in
 
 Green,
 
 667 So.2d at 208, in which the presence of a spicy odor within a jointly occupied rental car was insufficient to allow a reasonable inference that the defendant knew the source of the odor was cocaine wrapped in onions hidden in a secret compartment over the vehicle’s glove box, where even the experienced law-enforcement officers were unable to make a conclusive identification of the source of the odor. Unlike Appellant’s case,
 
 Hively,
 
 336 So.2d at 127, lacked the independent proof of the defendant’s knowledge of the presence of cannabis in the jointly occupied automobile. The other cases cited by Appellant involving possession of cocaine lack any evidence of an identifiable odor of a controlled substance.
 
 See, e.g., Culver v. State,
 
 990 So.2d 1206 (Fla. 2d DCA 2008);
 
 Lester v. State,
 
 891 So.2d 1219 (Fla. 2d DCA 2005);
 
 Hill v. State,
 
 736 So.2d 133 (Fla. 1st DCA 1999);
 
 see also Earle,
 
 745 So.2d at 1091.
 

 Because the State proved all the essential elements of the charged crime, the
 
 *83
 
 trial court correctly denied the motion for JOA and sent this case to the jury to resolve the conflicts in the evidence. Accordingly, we AFFIRM Appellant’s conviction and sentence for trafficking in cannabis in an amount in excess of 25 pounds.
 

 HAWKES, C.J., and VAN NORTWICK, J., concur.