# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-5158

———————————————

DARAFAEL MCKIRE,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

———————————————

On appeal from the Circuit Court for Columbia County.
Wesley R. Douglas, Judge.

August 24, 2018

OSTERHAUS, J.

Darafael McKire challenges his convictions for possession with intent to sell cocaine and possession of more than 20 grams of marijuana. We conclude that the State proved Mr. McKire possessed the cocaine found next to where he was sitting in the vehicle and affirm on that count. We agree with Mr. McKire, however, that the State failed to prove that he actually or constructively possessed the marijuana found on the gas station's property.

## I.

In the course of investigating a shootout between cars that had fled a Columbia County gas station on U.S. Highway 90, law enforcement officers found illegal drugs. They found, among other

things, a cocktail shaker cup stuffed with marijuana lying next to a fence at the gas station's property line.

At about the same time in another part of town, law enforcement officers stopped a car with three occupants that had been part of the shootout. Mr. McKire emerged from the back seat of the car bleeding profusely from a gunshot wound. He was transported to the hospital. Then, a search of the vehicle uncovered cocaine in a bag with traces of what appeared to be blood in the backseat pocket adjacent to where Mr. McKire was sitting.

The State subsequently charged Mr. McKire with drug crimes arising not only from cocaine found in the car and at the shootout scene, but also arising from the marijuana found on the ground at the store. At trial, the State's case tied Mr. McKire to the marijuana based on a security video. The grainy video showed a car pull up to the gas pumps and wait a few minutes until another car arrived. A passenger from the second car exited and engaged with occupants of the first car, where Mr. McKire sat. The video shows Mr. McKire then dart from his car and run towards U.S. Highway 90, dropping two unidentifiable objects on the pavement as he ran. An occupant of the second car retrieved one of the things that Mr. McKire dropped and got back in his car before it drove away. By that time, Mr. McKire reappeared in the video and began shooting at the departing car. Mr. McKire then re-entered the back seat of the first car and it also drove away.

After the close of the State's case, Mr. McKire moved for a judgment of acquittal. He argued that there was insufficient proof connecting him to the marijuana found on the ground at the gas station. The trial court denied his motion. And Mr. McKire was ultimately found guilty of possessing the marijuana and sentenced to five years in prison, concurrent with longer sentences he received on other charges.

II.

We review the denial of a motion for judgment of acquittal de novo. *Taylor v. State*, 13 So. 3d 77, 78 (Fla. 1st DCA 2009). In this review, "we consider the evidence and all reasonable inferences in a light most favorable to the State as the non-moving party." *Id.*

2

To convict Mr. McKire for possessing marijuana, the State had the burden of proving that he either actually or constructively possessed it. *See Smith v. State*, 175 So. 3d 900, 902-03 (Fla. 1st DCA 2015). Actual possession is established if the contraband is found on the defendant's person or is "within his 'ready reach' and under his control." *Id.* at 903. Constructive possession is proven by showing that "Appellant knew of the presence of the contraband on or about [the] premises and had the ability to maintain dominion and control over it." *Taylor v. State*, 13 So. 3d 77, 80 (Fla. 1st DCA 2009).

The State hinged its marijuana possession case against Mr. McKire on evidence from the gas station's security video. The video showed Mr. McKire running and dropping things near the gas pumps during the shootout. Mr. McKire dropped these things in the same general area where officers later found marijuana.

But there are problems with basing Mr. McKire's marijuana conviction on the video evidence. First, while the video shows Mr. McKire running from the gas station and dropping two objects (one of which is retrieved by someone else in the video), it doesn't show what he dropped. It is plausible that one of the things Mr. McKire dropped was a shaker cup. But it is not clear from the video. Beyond the iffy video evidence, nothing else connects Mr. McKire to the marijuana-filled shaker cup: no one testified that he owned or possessed such a cup; nothing indicated that the cup only appeared after Mr. McKire's visit to the gas station; and no physical evidence connected him to the cup or contents of the cup. Under these circumstances, about all that is left to tie Mr. McKire to the cup is that they both were at the gas station around the same time. But this isn't sufficient to support a possession conviction. *See Lindsey v. State*, 793 So. 2d 1165, 1167 (Fla. 1st DCA 2001) ("When the contraband is found in a public place, more than mere proximity to the defendant must be shown to sustain a conviction.").

Secondly, there is a location discrepancy. The things Mr. McKire dropped at the station didn't appear to fall in the grass strip next to the fence, where the officers found the marijuana. While the video doesn't clearly show the fence, the items Mr.

McKire dropped appear to fall on the pavement (where the investigating officers found other objects connected to the shootout). Again here, the video evidence shows only that Mr. McKire dropped something in the general vicinity of where officers later found marijuana.

We understand the State's argument based on *Ball v. State*, 758 So. 2d 1239 (Fla. 5th DCA 2000), that Mr. McKire's proximity to the marijuana is sufficient to establish its case. But the facts in *Ball* were different. There, an officer found crack cocaine in a bottle behind a newspaper box, immediately next to where the defendant was standing, and just after witnessing him suddenly hide his hand behind the box. *Id.* at 1240. The direct evidence and proximity of the defendant to the contraband when it was found mattered significantly. The district court affirmed because the circumstances showed that the defendant knew where the cocaine was and retained the ability to control it. *Id.* at 1241.

Here, however, Mr. McKire wasn't sufficiently connected with the contraband. He wasn't found with, near, or making moves toward the marijuana. Under these facts, his earlier proximity to the area where officers later found the contraband is insufficient to establish possession. *Lindsey*, 793 So. 2d at 1167.

### III.

For these reasons, we reverse Mr. McKire's conviction on the count II marijuana possession charge and remand for the trial court to enter a judgment of acquittal on this count. The judgment and sentence are otherwise affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF and WINSOR, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Daniel R. Krumbholz, Assistant Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.